■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LUIS POLANCO, Respondent. [611 NYS2d 403] —Order unanimously affirmed and indictment dismissed. Memorandum: The People's sole argument on appeal is that Supreme Court erred in granting defendant's motion to suppress the evidence seized pursuant to a warrant from an apartment at 51 Fifteenth Street because defendant did not have a proprietary interest in the apartment and thus had no standing to challenge its search.

At oral argument the People conceded that they do not challenge the propriety of Supreme Court's determination that the initial search of defendant and seizure of cocaine from his person was illegal. Moreover, it is uncontested that in support of their warrant application the police advised the Magistrate that, after observing defendant enter and leave the apartment, they stopped him and in the ensuing search found cocaine in his pocket.

Although defendant did not have any proprietary interest in the apartment, Supreme Court properly suppressed the drugs and drug paraphernalia seized from the apartment because it "[w]as obtained as a result of other evidence obtained" from the unlawful search of defendant (CPL 710.20 [4]; *see also, Wong Sun v United States,* 371 US 471). Consequently, the initial illegality entitled defendant, "an individual with no standing to contest a search [to] suppress the evidence indirectly by challenging the initial intrusion that led to the search" (Katz and Shapiro, New York Suppression Manual § 28.03 [5]). (Appeal from Order of Supreme Court, Erie County, Rossetti, J.—Suppress Evidence.) Present—Green, J. P., Pine, Lawton, Callahan and Boehm, JJ.