■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARC CIRRINCIONE, Appellant. [615 NYS2d 197] —Judgment unanimously reversed on the law, plea vacated, motion to suppress granted and indictment dismissed. Memorandum: County Court erred in denying defendant's motion to suppress. The evidence produced at the suppression hearing establishes that the officer approached defendant's parked vehicle and asked if there were any problems or if defendant needed any assistance. Thereafter, the officer asked additional questions regarding the contents of the bags on the passenger side of the vehicle and whether defendant minded if the officer checked them out. The latter questions would lead any person reasonably to believe that he is suspected of some wrongdoing. Once the officer asks such questions, the officer is seeking information and the encounter has become a common-law inquiry that must be supported by a "founded suspicion that criminality is afoot" *(People v Hollman,* 79 NY2d 181, 185). Those questions cannot be justified by the purported Vehicle and Traffic Law violation for obstructing the driver's view, since the gravamen of the violation is the obstruction and the contents of the bags are immaterial. Indeed, the People concede that the officer's request to check the bags may have been improper. Defendant's suspicious response to such questioning cannot serve as the lawful predicate for the officer's subsequent detention of defendant and the order to him to get into his vehicle and produce his driver's license *(see, People v May,* 81 NY2d 725, 727-728). Thus, the officer's seizure of the marihuana located in defendant's vehicle was the " 'fruit of the poisonous tree' " *(Wong Sun v United States,* 371 US 471, 488; *see, People v Ingle,* 36 NY2d 413, 418-419) and should have been suppressed. (Appeal from Judgment of Erie County Court, LaMendola, J.—Criminal Possession Marihuana, 2nd Degree.) Present—Denman, P. J., Pine, Fallon, Callahan and Davis, JJ.