◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARC J. CIRRINCIONE, Appellant. [617 NYS2d 94] —Judgment unanimously reversed on the law, plea vacated, motion to suppress granted and indictment dismissed. Memorandum: County Court erred in denying defendant's motion to suppress evidence seized pursuant to a search warrant at defendant's premises in Niagara County. The application in support of the search warrant was based upon information obtained after defendant was arrested in Erie County when the police seized a large quantity of marihuana from defendant's parked pickup truck. On defendant's appeal from the judgment of conviction in the Erie County case, we held that the seizure of the contraband located in defendant's truck was unlawful *(see, People v Cirrincione,* 206 AD2d 833). Because the application for the search warrant was based upon evidence obtained from that unlawful search and seizure, the evidence seized from defendant's premises pursuant to the search warrant must be suppressed as the fruit of the poisonous tree *(see,* CPL 710.20 [4]; *see also, Wong Sun v United States,* 371 US 471; *People v Polanco,* 203 AD2d 942). (Appeal from Judgment of Niagara County Court, Hannigan, J.—Criminal Possession

Marihuana, 2nd Degree.) Present—Pine, J. P., Balio, Lawton, Callahan and Davis, JJ.