■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS AMARO, Appellant. [629 NYS2d 208] —Judgment, Supreme Court, New York County (Alvin Schlesinger, J.), rendered October 15, 1992, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4¹/₂ to 9 years, unanimously affirmed.

Defendant's claim that he was deprived of a fair trial by the court's restrictions on his questioning of prospective jurors

about their attitudes toward police officers and others in positions of authority is unpreserved for appellate review as a matter of law, no objection having been made to the manner in which the court conducted the voir dire (CPL 470.05 [2]), and we decline to review the issue in the interest of justice. If we were to review it, we would find that the court permitted appropriate inquiry on this subject and properly exercised its broad discretion to restrict defendant's extended continuation of such examination (see, People v Rampersant, 182 AD2d 373, 374).

Nor is there merit to defendant's argument that he was deprived of a fair trial by the prosecutor's summation. Any prejudice caused by the prosecutor's improper characterization of defense summation as "outrageous" was cured by the court's sustaining defendant's objection and giving curative instructions. The prosecutor's comments to the effect that the police officers had not lied, were directly responsive to defense counsel's argument that the police officers were engaged in a coverup (see, People v Galloway, 54 NY2d 396). Although the comment that defendant could not ask the jury to speculate regarding motive was proper, the court did sustain an objection to it, the prosecutor having specifically prefaced this comment by stating to the jury that defendant "has no burden". We have considered the arguments raised in defendant's *pro se* supplemental brief and find them to be without merit. Concur—Murphy, P. J., Ellerin, Wallach, Rubin and Tom, JJ.