■ The People of the State of New York, Respondent, v James R. Abernathy, Appellant. [638 NYS2d 196] —Yesawich Jr., J. Appeals (1) from a judgment of the County Court of Albany County (Harris, J.), rendered December 3, 1993, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the fourth degree, criminal

possession of a controlled substance in the third degree and criminally using drug paraphernalia in the second degree (two counts), and (2) by permission, from an order of said court (Rosen, J.), entered April 17, 1995, which denied defendant's motion pursuant to CPL 440.10 and 440.20 to vacate the judgment of conviction and set aside the sentence, without a hearing.

In the early evening of August 29, 1992, State Trooper Kenneth Wilson saw defendant changing a tire on a disabled automobile on the Thruway. When Wilson approached to investigate and offer assistance, he discovered that the automobile had two flat tires and only one spare. Wilson then informed defendant and his female companion that he would call a tow truck due to the unsafe condition of the automobile. Wilson's testimony at the suppression hearing, credited by County Court, established that the woman passenger, claiming she was cold, asked to sit in the patrol car, and that while there Wilson asked her if she knew anyone in the Albany area who could be of assistance, since the car would have to be towed. She responded that she did not, and that they were just passing through after visiting defendant's brother in New York City.

Wilson then informed defendant, who was still working on one of the tires, that a tow truck had been summoned, and asked him if he knew anyone who might be called upon to help. Defendant replied that he did not, that "all of his people were in Utica". When questioned about the woman's statement that the pair had been visiting his brother in New York, defendant reiterated that his relatives were all in Utica, and stated that they had, in fact, been visiting her family. Wilson testified that this conflict between defendant's story and the woman's story raised his suspicions—in his words, led him to believe "that there was some activity afoot; that [he] wanted to further investigate"—and prompted him to ask defendant whether the automobile was "clean, was there anything going on", and whether he could search it. Defendant, the registered owner of the automobile, consented to the search, and thereafter assisted Wilson in opening the hood, whereupon Wilson found, in the engine compartment, a box containing a microscale and, in a sock, quantities of cocaine and heroin, and miniature zip-lock baggies.

Defendant and his companion were arrested and transported to the police station. Defendant, who had made several spontaneous inculpatory statements, both before and after being advised of his *Miranda* rights, was later charged with, and

convicted of, several narcotics-related crimes, and sentenced as a predicate felon; he appeals from the judgment of conviction and, by permission, from the denial of his postjudgment motion to vacate the judgment and set aside the sentence.

We find compelling defendant's contention that County Court erroneously denied his motion to suppress the physical evidence found in the automobile. When Wilson asked defendant if the car was "clean" and for permission to search it, the level of intrusion had escalated beyond a mere request for information to a common-law inquiry (see, People v Hollman, 79 NY2d 181, 191-192; People v Cirrincione, 206 AD2d 833, lv denied 84 NY2d 823; People v Boyd, 188 AD2d 239, 243), which must be supported by a "founded suspicion that criminal activity is afoot" (People v De Bour, 40 NY2d 210, 223; see, People v Martinez, 206 AD2d 693, 696, lv denied 84 NY2d 937).

As justification for this accusatory questioning, Wilson cites only the disparity in the traveling companions' recitals of the purpose of their trip. Notably, however, their accounts did not diverge significantly, nor were they obviously false with respect to the origin, destination or length of the trip, differences that might reasonably be interpreted as resulting from an attempt to mislead Wilson as to the fundamental nature of the trip (compare, People v Carter, 199 AD2d 817, 818, affd 86 NY2d 721; but cf., People v Banks, 85 NY2d 558, 562, cert denied — US —, 116 S Ct 187), nor was Wilson aware of any particular criminal activity that had occurred, or was occurring, in the area (compare, People v Sora, 176 AD2d 1172, 1173, lv denied 79 NY2d 864). In our view, the innocuous discrepancy relied upon here, which is plainly "susceptible of innocent as well as culpable interpretation" (People v De Bour, supra, at 216), could not, under the circumstances, have created a founded suspicion of criminality (see, People v Bailey, 204 AD2d 751, 753).

Inasmuch as defendant's consent to the search was the product of the improper police inquiry, his suppression motion should have been granted (see, People v Cirrincione, supra).

Mercure, J. P., Crew III, Casey and Spain, JJ., concur. Ordered that the judgment and order are reversed, on the law, motion to suppress granted and indictment dismissed.