OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, and a new trial ordered.
 

 Defendant was convicted of murder in the second degree and related charges for the November 1, 1991 shooting death of Samuel Benguche in the courtyard of the Brownsville Houses in Brooklyn. In January 1992, defendant made an omnibus motion requesting disclosure of prior inconsistent statements or changed testimony of the People’s witnesses and for other relief. Prior to trial in November 1994, the People, contending that defendant personally caused Benguche’s death, disclaimed any reliance upon an acting in concert theory. Although a second bystander was shot, the trial court precluded any reference to the second victim.
 

 The People’s case included the testimony of Leonora Moore and Ricardo Williams who saw defendant and Jabar Washington point similar looking guns toward Benguche and heard multiple shots but did not see the actual shooting. Both Leonora Moore and Ricardo Williams identified a number of people who were at the crime scene; Carmen Green was not among them (defendant and one of his witnesses would later testify that Carmen Green was not present during the shooting).
 

 
 *842
 
 On the eighth day of trial, the prosecution requested a continuance to locate additional witnesses. When the trial resumed, the prosecution produced Carmen Green, who had been arrested on a material witness order and held over the weekend. Green, an admitted crack addict, testified that she saw defendant pull out a gun, point and shoot it at Benguche. She added, critically, that when the detectives had questioned her niece, Leonora Moore, at her apartment on the night of the shooting they did not ask her any questions; they were talking to her niece.
 

 During closing argument, defense counsel contended that the evidence was inconclusive as to who had fired the fatal shot. Pointing out that neither Leonora Moore nor Ricardo Williams had seen the actual shooting, defense counsel concentrated his argument on the testimony of the only People’s witness who claimed to have done so, the “star witness” for the prosecution, Carmen Green. The defense attacked Green as an admitted crack addict and questioned why she would wait until the trial before giving information about the crime. The prosecutor did not disagree that Green was his “star” witness and argued the credibility and importance of Green’s testimony in his closing statement. After two full days of deliberation, the jury convicted defendant of depraved indifference murder, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.
 

 Almost a year later, defendant brought a CPL article 440 motion seeking to vacate the conviction due to a variety of
 
 Brady
 
 and
 
 Rosario
 
 violations, ineffective assistance of counsel and the denial of his right to be present at the material witness hearing concerning Carmen Green. Supreme Court denied defendant’s motion in part but granted a hearing to determine whether' Carmen Green previously told the police that she did not witness the shooting and whether the People promised to relocate Green and provide her with public assistance, matters which were never disclosed to the defense at trial.
 

 At the hearing, Carmen Green testified that on the night of the shooting when the detectives came to her house to speak with Leonora Moore, “[t]hey asked me did I see anything and I told them no.” This was in direct contradiction to her trial testimony. Other hearing witnesses established that during the trial, two detectives went to Carmen Green’s apartment in search of her son Lamont to interview him about the shooting. At that time — three years after her initial denial — Carmen Green told the investigators that although her son was not at
 
 *843
 
 the apartment, she was an eyewitness to the shooting and was willing to cooperate. Leonora and her brother, Derrick Moore, both testified at the hearing that they were present at the time of the shooting, and that Green was not.
 

 The trial court recognized that Green’s initial statement to the police that she “did not see anything” was a prior inconsistent statement and that it went to the heart of her testimony. However, the court concluded that there was no reasonable possibility that disclosure of this statement would have affected the verdict because the defense had impeached Green on her drug addiction and her initial failure to come forward. In addition, the court noted that because defendant was convicted of depraved indifference murder the jury “may not” have relied on Green’s testimony. That is, Green’s testimony indicating that defendant acted intentionally would have been “irrelevant to [the] jury’s verdict that defendant acted recklessly.”
 

 The Appellate Division unanimously affirmed the conviction. A Judge of this Court granted defendant leave to appeal. We now reverse and order a new trial.
 

 The People concede that Green’s prior denial of having witnessed the shooting is
 
 Brady
 
 material and that defendant made a specific request for such material in his omnibus motion. Thus, reversal of defendant’s conviction is required if there is a “reasonable possibility” that, had that material been disclosed, the result would have been different (see,
 
 People v Vilardi,
 
 76 NY2d 67, 77).
 

 While Green’s testimony may support a conclusion that defendant acted intentionally, as opposed to recklessly, that is not determinative in evaluating the materiality of the failure to disclose her prior inconsistent statement under these circumstances. Carmen Green was the only witness who provided direct evidence that defendant shot Benguche. Green’s testimony was crucial to the People’s theory that it was defendant
 
 alone
 
 who shot and killed Samuel Benguche despite other evidence that Washington was also at the scene and discharged his gun. In addition, while defendant was able to challenge Green’s credibility based on her drug usage, he was denied the opportunity to challenge the credibility of the People’s key witness as a liar.
 

 In light of our conclusion, we need not reach defendant’s argument concerning ineffective assistance of counsel. His remaining contentions are without merit.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick, Wesley and Rosenblatt concur in memorandum.
 

 
 *844
 
 Order reversed, etc.