■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL BODINE, Appellant. [725 NYS2d 498] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of manslaughter in the second degree (Penal Law § 125.15 [1]), criminal possession of a weapon in the second degree (Penal Law former § 265.03) and criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]). Defendant contends that County Court erred in rejecting his *Batson* claim regarding the prosecutor's exercise of a peremptory challenge (*see, Batson v Kentucky,* 476 US 79). We disagree. The prosecutor proffered a race-neutral explanation for the dismissal of that prospective juror, i.e., that she did not look the prosecutor "in the eye" when answering questions and her body language did not seem "to be one where she was being completely forthright" (*see, People v Diaz,* 269 AD2d 766, *lv denied* 95 NY2d 852; *see also, People v Hernandez,* 75 NY2d 350, 356-357, *affd* 500 US 352; *People v McCargo,* 226 AD2d 480, 481). Defendant's contention that the prosecutor's reason was pretextual is unpreserved for our review because defendant failed to articulate to the court "any reason why he believed that the prosecutor's explanations were pretextual" (*People v Santiago,* 272 AD2d 418, *lv denied* 95 NY2d 907; *see, People v Figueroa,* 276 AD2d 561, *lv denied* 96 NY2d 734; *People v Thomas,* 275 AD2d 234, *lv denied* 95 NY2d 893).

The court did not err in ordering that the sentence imposed on the manslaughter count be consecutive to the concurrent

sentences for criminal possession of a weapon. The possession and the subsequent use were "separate successive acts" (*People v Davis*, 174 AD2d 369, 370, *lv denied* 83 NY2d 966, 84 NY2d 867; *see, People v Estwick*, 266 AD2d 123, 124, *lv denied* 94 NY2d 918). The sentence is not unduly harsh or severe. (Appeal from Judgment of Monroe County Court, Bristol, J.—Manslaughter, 2nd Degree.) Present—Pigott, Jr., P. J., Pine, Wisner, Hurlbutt and Kehoe, JJ.