■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY WILLIAMS, Appellant. [738 NYS2d 809] —Appeal from a judgment of Onondaga County Court (Fahey, J.), entered January 25, 2001, convicting defendant after a jury trial of, inter alia, attempted murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by directing that all sentences shall run concurrently and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), assault in the first degree (Penal Law § 120.10 [1]), criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]), and criminal use of a firearm in the first degree (Penal Law § 265.09 [1]). Defendant was sentenced to a definite term of incarceration of five years on the count of criminal use of a firearm in the first degree, to run consecutively to the concurrent terms of incarceration imposed on the remaining counts, for an aggregate term of incarceration of 20 years. Contrary to defendant's contentions, the evidence is legally sufficient to support the conviction and the verdict is not against the weight of the evidence. According to the evidence presented by the People at trial, defendant left his home with a gun and made a statement indicating that he intended to shoot rival gang members; defendant fit the description of the shooter provided by several eyewitnesses to the shooting; the victim identified defendant by name; and the gun used in the shooting, as well as the clothing described by the eyewitnesses, were found in defendant's home after the shooting. That evidence is legally sufficient to support the conviction (*see, People v Welcome*, 181 AD2d 628, *lv denied* 79 NY2d 1055) and further supports the conclusion that, despite minor variations in the descriptions of the shooter provided by the eyewitnesses, the jury did not fail to give the evidence the weight it should be accorded (*see, People v Bleakley*, 69 NY2d 490, 495).

Moreover, we conclude that defendant was not deprived of effective assistance of counsel (*see, People v Baldi*, 54 NY2d 137, 147), nor was he deprived of a fair trial by County Court's evidentiary rulings (*cf., People v Rubin*, 101 AD2d 71, 76-77, *lv denied* 63 NY2d 711). The further contention of defendant that there was a *Batson* violation is raised for the first time in defendant's reply brief and therefore is not properly before us (*see, People v Minota,* 137 AD2d 837, 838, *lv denied* 71 NY2d 1030). In any event, that contention is unpreserved for our

review because defendant "failed to articulate to the court 'any reason why he believed that the prosecutor's explanations [for challenging the prospective juror] were pretextual' " (*People v Bodine*, 283 AD2d 979, 979, *lv denied* 96 NY2d 898). The contention of defendant that he was deprived of a fair trial by prosecutorial misconduct is in part unpreserved for our review and, in any event, is lacking in merit (*see, People v Rubin, supra* at 77-78).

However, inasmuch as defendant was sentenced to determinate terms of incarceration for the attempted murder and assault counts, the court erred in sentencing defendant to a consecutive term of incarceration for criminal use of a firearm in the first degree (*see,* Penal Law § 265.09 [2]). We therefore modify the judgment of conviction by directing that all sentences shall run concurrently (*see, People v LaSalle,* 95 NY2d 827, 829). Present—Pine, J.P., Wisner, Scudder, Gorski and Lawton, JJ.