■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE SMITH, Appellant. [757 NYS2d 748] —Judgment, Supreme Court, New York County (Arlene Silverman, J.), rendered December 21, 2000, convicting defendant, after a jury trial, of auto stripping in the second degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

Even if we were to find that the court should have granted defendant's motion to suppress the physical evidence recovered as a result of a warrantless search of defendant's bag made after it had been removed from him by the officers and he had been arrested and handcuffed (*see People v Gokey*, 60 NY2d 309 [1983]), we would find the error to be harmless (*see People v Crimmins*, 36 NY2d 230 [1975]).

The court properly exercised its discretion in precluding defendant's attempt to impeach the arresting officer with an omission from a memo book entry, since the purported inconsistency had no probative value under the circumstances (*see People v King*, 276 AD2d 319 [2000], *lv denied* 96 NY2d 736 [2001]).

The court properly precluded defendant from urging the jury to draw a negative inference from the People's failure to call an additional police witness, since there was an insufficient evidentiary foundation for such a comment (*see People v Tankleff*, 84 NY2d 992, 994-995 [1994]; *People v Vasquez*, 288 AD2d 17 [2001], *lv denied* 97 NY2d 734 [2002]). The court accorded defendant ample latitude in which to comment on the alleged lack of corroborating evidence.

The challenged portions of the prosecutor's summation did not deprive defendant of a fair trial. While the two isolated remarks at issue would have been better left unsaid, the court's instructions, both during the People's summation and in its main charge, were sufficient to prevent any prejudice (*see People v Davis*, 58 NY2d 1102 [1983]). Concur—Saxe, J.P., Ellerin, Williams, Lerner and Marlow, JJ.