■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE MELLERSON, Appellant. [788 NYS2d 746]—

Appeal from a judgment of the Supreme Court, Erie County (Richard C. Kloch, Sr., A.J.), rendered January 9, 2002. The judgment convicted defendant, upon a jury verdict, of assault in the first degree and burglary in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of assault in the first degree (Penal Law § 120.10 [3]) and burglary in the first degree (§ 140.30 [2]), defendant contends, inter alia, that the prosecutor's response to a *Batson* challenge was pretextual. Because defendant "failed to articulate to [Supreme Court] 'any reason why he believed that

the prosecutor's explanation [was] pretextual,' " he has failed to preserve that contention for our review (*People v Bodine*, 283 AD2d 979, 979 [2001], *lv denied* 96 NY2d 898 [2001], quoting *People v Santiago*, 272 AD2d 418, 418 [2000], *lv denied* 95 NY2d 907 [2000]; *see People v Williams*, 292 AD2d 843, 844 [2002], *lv denied* 98 NY2d 703 [2002]).

Contrary to the further contentions of defendant, there is no evidence that the trial justice was physically or constructively absent from any material stage of the proceedings (*see People v Degondea*, 3 AD3d 148, 162-164 [2003], *lv denied* 2 NY3d 798 [2004]; *cf. People v Toliver*, 89 NY2d 843, 844 [1996]), and defense counsel "opened the door" to otherwise inadmissible opinion testimony concerning defendant's veracity (*see generally People v Massie*, 2 NY3d 179, 184 [2004]; *People v Melendez*, 55 NY2d 445, 451-452 [1982]). We further conclude that the court properly denied defendant's request to charge two lesser included offenses. There is no reasonable view of the evidence that would support a conviction of the lesser offenses but not the greater offenses (*see generally People v Glover*, 57 NY2d 61, 63 [1982]). The conviction of both offenses is supported by legally sufficient evidence, and the verdict on both offenses is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]).

With respect to defendant's contention that the People either failed to disclose or untimely disclosed *Brady* and *Rosario* material, we conclude that those alleged errors do not warrant reversal where, as here, defendant has either failed to establish the existence of such material (*see People v Campbell*, 7 AD3d 409, 410 [2004], *lv denied* 3 NY3d 672 [2004]; *People v McKinney*, 302 AD2d 993, 996 [2003], *lv denied* 100 NY2d 584 [2003]) or failed to establish that there is a reasonable possibility that, had the material been disclosed, the result of the trial would have been different (*see People v Bond*, 95 NY2d 840, 843 [2000]; *People v Vilardi*, 76 NY2d 67, 77 [1990]; *see also* CPL 240.75; *People v Olivero*, 289 AD2d 1082, 1083 [2001], *lv denied* 98 NY2d 639 [2002]). With respect to defendant's contention that exculpatory evidence concerning another potential suspect was contained in *Rosario* material that was disclosed at trial, we conclude that reversal is not required because counsel knew about the material and was able to use it at trial (*see People v Cortijo*, 70 NY2d 868, 870 [1987]).

Finally, we reject the contention of defendant that he was denied effective assistance of counsel. Based upon our review of the evidence, the law and the circumstances of this case, viewed in totality and as of the time of representation, we conclude

that defendant received meaningful representation (*see People v Baldi*, 54 NY2d 137, 146-147 [1981]). Present—Pigott, Jr., P.J., Pine, Kehoe, Gorski and Martoche, JJ.