■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER ANDERSON, Appellant. [803 NYS2d 461]—Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered May 5, 2003. The judgment convicted defendant, upon a jury verdict, of assault in the first degree, criminal possession of a weapon in the second degree and robbery in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of one count each of assault in the first degree (Penal Law § 120.10 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [2]) and two counts of robbery in the first degree (§ 160.15 [1], [4]), defendant contends that the explanation of the prosecutor with respect to a *Batson* challenge was a pretext for discrimination. "[D]efendant failed to articulate to . . . Supreme Court any reason why he believed that the prosecutor's explanations were pretextual" and thus failed to preserve his contention for our review (*People v Santiago*, 272 AD2d 418, 418 [2000], *lv denied* 95 NY2d 907 [2000]; *see People v Smocum*, 99 NY2d 418, 423-424 [2003]; *People v Mellerson*, 15 AD3d 964, 964-965 [2005], *lv denied* 5 NY3d 791 [2005]; *People v Williams*, 292 AD2d 843 [2002], *lv denied* 98 NY2d 703 [2002]). In any event, the court properly determined that the prosecutor's explanations were not pretextual (*see generally People v Bradley*, 15 AD3d 840, 841 [2005], *lv denied* 4 NY3d 851 [2005]).

Defendant further contends that the verdict is against the weight of the evidence because a prosecution witness was not credible. The jury's determinations concerning the credibility of witnesses are entitled to great deference, and we conclude herein that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Harris*, 15 AD3d 966 [2005], *lv denied* 4 NY3d 831 [2005]; *People v Panek*, 305 AD2d 1098 [2003], *lv denied* 100 NY2d 623 [2003]). The sentence is not unduly harsh or severe.

The contention of defendant in his pro se supplemental brief concerning the court's jury charge is unpreserved for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We have considered defendant's remaining contentions, including those raised in the pro se supplemental brief, and we conclude that they are without merit. Present—Green, J.P., Gorski, Smith, Lawton and Hayes, JJ.