■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH LAWRENCE, Appellant. [803 NYS2d 460]—Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered May 6, 2003. The judgment convicted defendant, upon a jury verdict, of assault in the first degree, criminal possession of a weapon in the second degree and robbery in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, following a jury trial, of one count each of assault in the first degree (Penal Law § 120.10 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [2]) and two counts of robbery in the first degree (§ 160.15 [1], [4]), defendant contends that the explanations of the prosecutor with respect to two *Batson* challenges were pretextual. With respect to the prosecutor's first peremptory challenge at issue, we conclude that "defendant failed to articulate to . . . Supreme Court any reason why he believed that the prosecutor's explanations were pretextual" and thus failed to preserve his contention for our review (*People v Santiago*, 272 AD2d 418, 418 [2000], *lv denied* 95 NY2d 907 [2000]; *see People v Smocum*, 99 NY2d 418, 423-424 [2003]; *People v Mellerson*, 15 AD3d 964, 964-965 [2005], *lv denied* 5 NY3d 791 [2005]; *People v Williams*, 292 AD2d 843, 843-844 [2002], *lv denied* 98 NY2d 703 [2002]). With respect to the prosecutor's second peremptory challenge at issue, we conclude that the court properly determined that the prosecutor's explanation was not a pretext for discrimination. "The court was in the best position to observe the demeanor of the prospective juror[ ] and the prosecutor," and its determination that the prosecutor's explanation was race-neutral and not pretextual is entitled to great deference (*People v Williams*, 13 AD3d 1214, 1215 [2004], *lv denied* 4 NY3d 857 [2005]).

Defendant also failed to preserve for our review his further contention that the court erred in adjudicating him a second violent felony offender (*see People v Smith*, 73 NY2d 961 [1989];

*People v Sullivan*, 4 AD3d 223, 224 [2004], *lv denied* 2 NY3d 765 [2004]; *People v Walton*, 309 AD2d 956, 957 [2003], *lv denied* 2 NY3d 747 [2004]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see Sullivan*, 4 AD3d at 224). In light of the vicious nature of the crimes and defendant's lengthy criminal history, we conclude that the sentence is not unduly harsh or severe.

The contention of defendant that he was denied effective assistance of counsel based on defense counsel's failure to call the victim's mother as a witness involves matters outside the record on appeal and thus must be raised by way of a motion pursuant to CPL article 440 (*see People v Logan*, 2 AD3d 1392 [2003], *lv denied* 2 NY3d 742 [2004]; *People v Williams*, 273 AD2d 824, 825 [2000], *lv denied* 95 NY2d 893 [2000]). Based on the record before us, we conclude that defendant was not denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). We reject defendant's further contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Harris*, 15 AD3d 966, 966-967 [2005], *lv denied* 4 NY3d 831 [2005]).

We have considered defendant's remaining contentions, including those raised in the pro se supplemental brief, and conclude that they are without merit. Present—Green, J.P., Gorski, Smith, Lawton and Hayes, JJ.