THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY L. DANDRIDGE, Appellant. [809 NYS2d 353]—

Appeal from a judgment of the Supreme Court, Erie County (Ronald H. Tills, A.J.), rendered January 21, 2000. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree and robbery in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [4]) and robbery in the second degree (§ 160.10 [1]), defendant contends that the prosecutor's response to a *Batson* challenge was pretextual. " '[D]efendant failed to articulate to . . . Supreme Court any reason why he believed that the prosecutor's explanations were pretextual' and thus failed to preserve his contention for our review" (*People v Anderson*, 23 AD3d 1037, 1037 [2005], quoting *People v Santiago*, 272 AD2d 418, 418 [2000], *lv denied* 95 NY2d 907 [2000]; *see People v*

*Mellerson*, 15 AD3d 964 [2005], *lv denied* 5 NY3d 791 [2005]). In any event, by denying defendant's *Batson* challenge, "the court thereby implicitly determined that the race-neutral explanations given by the prosecutor for exercising peremptory challenge[ ] with respect to th[e] prospective juror[ ] were not pretextual" (*People v Parker*, 304 AD2d 146, 156-157 [2003], *lv denied* 100 NY2d 585 [2003]). We conclude that " '[t]he court was in the best position to observe the demeanor of the prospective juror[ ] and the prosecutor,' and its [implicit] determination that the prosecutor's explanation[s were] race-neutral and not pretextual is entitled to great deference" (*People v Lawrence*, 23 AD3d 1039, 1039 [2005], quoting *People v Williams*, 13 AD3d 1214, 1215 [2004], *lv denied* 4 NY3d 857 [2005]).

Defendant also failed to preserve for our review his contention that the court impermissibly restricted the scope of voir dire questioning (*see e.g. People v Lewis*, 248 AD2d 554 [1998], *lv denied* 92 NY2d 900 [1998]; *People v Reed*, 244 AD2d 782, 783 [1997], *lv denied* 91 NY2d 896 [1998]; *People v Amaro*, 216 AD2d 172 [1995], *lv denied* 87 NY2d 843 [1995]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Contrary to the further contention of defendant, the court's alleged violation of CPL 300.10 (4) by failing to read the introductory instruction on robbery (CJI2d[NY] Introductory Charge to Robbery Penal Law 160) does not implicate the organization of the court or the mode of proceedings prescribed by law (*cf. People v Boston*, 75 NY2d 585, 589 n 2 [1990]; *People v Ahmed*, 66 NY2d 307, 310 [1985], *rearg denied* 67 NY2d 647 [1986]; *see also People v Michael*, 48 NY2d 1 [1979]). Therefore, preservation of that contention is required (*see e.g. People v Bell*, 234 AD2d 915, 916 [1996], *lv denied* 89 NY2d 1009 [1997]; *People v Robinson*, 220 AD2d 465 [1995], *lv denied* 88 NY2d 852 [1996]; *People v Santos*, 202 AD2d 258, 260 [1994], *lv denied* 83 NY2d 1007 [1994]). Because defendant failed to object to the court's charge, we conclude that his contention is not preserved for our review, and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Finally, defendant contends that the court erred in permitting the eyewitness to identify defendant at trial. Defendant, however, bases his contention on a ground raised for the first time in his CPL 330.30 motion, and it is well settled that "[a] postverdict motion made pursuant to CPL 330.30 is not, by itself, ordinarily sufficient to preserve a 'question of law' within the meaning of CPL 470.05 (2)" (*People v Padro*, 75 NY2d 820,

821 [1990], *rearg denied* 75 NY2d 1005 [1990], *rearg dismissed* 81 NY2d 989 [1993]). In any event, the court properly admitted the identification testimony of the eyewitness because her observation of defendant in the lobby of the courthouse was not arranged by police (*see People v Anzalone*, 15 AD3d 903, 904 [2005]; *People v Valentino*, 254 AD2d 185, 186 [1998], *lv denied* 92 NY2d 1054 [1999]; *People v Phillips*, 234 AD2d 57 [1996], *lv denied* 89 NY2d 1098 [1997]). Present—Kehoe, J.P., Martoche, Smith, Pine and Hayes, JJ.