■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE LAWRENCE, Also Known as BERKLEY JAMES, Appellant. [813 NYS2d 834]—Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered December 19, 2003. The judgment convicted defendant, upon a jury verdict, of assault in the first degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of assault in the first degree (Penal Law § 120.10 [1]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). Contrary to defendant's contention, the verdict is not against the weight of the evidence (see gener-

*ally People v Bleakley*, 69 NY2d 490, 495 [1987]). "The jury's determinations concerning the credibility of witnesses are entitled to great deference" (*People v Anderson*, 23 AD3d 1037, 1037 [2005]), and the jury was entitled to credit the testimony of the victim, which was corroborated by scientific evidence and the testimony of police witnesses, over that of defendant. Defendant failed to preserve for our review his further contention that he was denied a fair trial by prosecutorial misconduct on summation (*see* CPL 470.05 [2]). In any event, although the prosecutor made several improper remarks on summation (*see People v Bonilla*, 170 AD2d 945 [1991], *lv denied* 77 NY2d 904 [1991]), the cumulative effect of the remarks did not deprive defendant of a fair trial (*see People v Rubin*, 101 AD2d 71, 78 [1984], *lv denied* 63 NY2d 711 [1984]; *see also People v Brinson*, 265 AD2d 879, 880 [1999], *lv denied* 94 NY2d 860 [1999]). Defendant also failed to preserve for our review his contention that County Court erred in failing to charge the jury with respect to the temporary lawful possession of a weapon (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]), particularly in view of the fact that the jury rejected defendant's justification defense. Present—Gorski, J.P., Martoche, Smith, Green and Pine, JJ.