■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD CARMACK, Appellant. [827 NYS2d 383]—

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered May 27, 2004. The judgment convicted

defendant, upon a jury verdict, of forgery in the second degree (three counts), criminal possession of forgery devices, identity theft in the third degree (five counts) and falsifying business records in the first degree (five counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified as a matter of discretion in the interest of justice and on the law by reversing those parts convicting defendant of three counts of forgery in the second degree and one count of criminal possession of forgery devices and dismissing counts one through four of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of three counts of forgery in the second degree (Penal Law § 170.10 [1]), one count of criminal possession of forgery devices (§ 170.40 [1]), and five counts each of identity theft in the third degree (§ 190.78 [1]) and falsifying business records in the first degree (§ 175.10). Defendant failed to preserve for our review his contention concerning the legal insufficiency of the evidence with respect to the conviction of the three counts of forgery in the second degree and the count of criminal possession of forgery devices (*see People v Gray*, 86 NY2d 10, 19 [1995]). We nevertheless exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]), however, and we agree with defendant that the evidence is legally insufficient to support the conviction of those counts (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). We therefore modify the judgment accordingly.

A person is guilty of the crime of forgery in the second degree under Penal Law § 170.10 (1) when, "with intent to defraud, deceive or injure another, he [or she] falsely makes, completes or alters a written instrument which is or purports to be, or which is calculated to become or to represent if completed: . . . [a] deed, will, codicil, contract, assignment, commercial instrument, credit card . . . or other instrument which does or may evidence, create, transfer, terminate or otherwise affect a legal right, interest, obligation or status." The People presented evidence establishing that defendant sent multiple e-mails from his computers but used a computer program that made it appear that they were sent from the e-mail address of another person or entity. The e-mails at issue, i.e., commercial solicitations for computer programs, dietary supplements, and other products, do not constitute deeds, wills, codicils, contracts, assignments, commercial instruments or credit cards, nor do they "evidence, create, transfer, terminate or otherwise affect a legal

right, interest, obligation or status" (*id.*). Thus, the e-mails do not constitute instruments that may be the subject of the crime of forgery in the second degree under Penal Law § 170.10 (1).

Similarly, the People failed to establish that the computer program used to send the e-mails was a forgery device within the meaning of Penal Law § 170.40 (1). That Penal Law section criminalizes possession of any "device, apparatus, equipment, or article specifically designed for use in counterfeiting or otherwise forging written instruments" (*id.*) and, here, the People's expert testified that the program at issue "can be used for very legitimate purposes absolutely," thus negating an essential element of the crime.

Defendant failed to preserve for our review his contention concerning the alleged legal insufficiency of the evidence with respect to the remaining counts (*see Gray*, 86 NY2d at 19), and the verdict with respect to those counts is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). We also reject defendant's contention concerning the severity of the sentence with respect to those remaining counts. Defendant also failed to preserve for our review his contention that County Court failed to follow the requisite three-step *Batson* analysis and, in any event, that contention lacks merit (*see People v Dandridge*, 26 AD3d 779 [2006]; *People v Robinson*, 1 AD3d 985 [2003], *lv denied* 1 NY3d 633, 2 NY3d 805 [2004]; *People v Parker*, 304 AD2d 146, 156-157 [2003], *lv denied* 100 NY2d 585 [2003]). In rejecting defendant's *Batson* challenge, the court implicitly determined that the race-neutral reasons proffered by the prosecutor were not pretextual, and that determination is entitled to great deference (*see Dandridge*, 26 AD3d at 779-780; *People v Lawrence*, 23 AD3d 1039 [2005], *lv denied* 6 NY3d 835 [2006]; *Robinson*, 1 AD3d at 985-986). We reject the further contention of defendant that he was denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]).

We have considered defendant's remaining contentions and conclude that they are without merit. Present—Hurlbutt, A.P.J., Kehoe, Smith and Green, JJ.