The People of the State of New York, Respondent, v Jerold L. Ponder, Appellant. [844 NYS2d 542]—

Appeal from a judgment of the Supreme Court, Monroe County (Stephen R. Sirkin, A.J.), rendered February 24, 2003. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and tampering with physical evidence.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting

him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) and tampering with physical evidence (§ 215.40 [2]). According to the People, defendant and his wife shot and killed defendant's girlfriend and then buried her body in a remote area. We reject the contention of defendant that County Court (Patricia D. Marks, J.) erred in refusing to suppress the physical evidence seized from his vehicle. The record of the suppression hearing establishes that the police had a founded suspicion that criminal activity was afoot and thus were justified in asking defendant if there was anything in the vehicle that the police should know about and in then seeking his consent to search the vehicle (*see People v Leiva*, 33 AD3d 1021, 1023 [2006]; *see generally People v Dunbar*, 5 NY3d 834 [2005]; *People v Battaglia*, 86 NY2d 755, 756 [1995]; *People v Abernathy*, 224 AD2d 826, 828 [1996]). At the time when the investigator asked defendant questions with respect to the contents of the vehicle, she was aware that the victim had been reported missing, that the victim had planned to see defendant the night she disappeared, and that the victim's burned vehicle had been found the morning after the victim disappeared. The record further establishes that defendant's consent to search the vehicle was voluntary (*see generally People v Gonzalez*, 39 NY2d 122, 128-130 [1976]). In any event, any error in the court's refusal to suppress the physical evidence seized from defendant's vehicle is harmless (*see People v Smith*, 305 AD2d 125 [2003], *lv denied* 100 NY2d 599 [2003]; *People v Thigpen*, 234 AD2d 486 [1996], *lv denied* 89 NY2d 989, 90 NY2d 864 [1997]; *see generally People v Crimmins*, 36 NY2d 230, 237 [1975]).

We reject the further contention of defendant that the court erred in refusing to suppress his statements to the police. Defendant voluntarily accompanied the police to the police station and, although he was given *Miranda* warnings, he was told that he was not under arrest. He was questioned for over seven hours, but he was repeatedly offered food and drink and he used his cellular telephone on several occasions. There were also numerous breaks in the questioning. "Viewing the totality of the circumstances, and according great weight to the court's factual and credibility findings, the record supports the court's determination that defendant's statement[s were] voluntary and not the product of coercion" (*People v Lind*, 20 AD3d 765, 766 [2005], *lv denied* 5 NY3d 830 [2005]; *see People v Mastin*, 261 AD2d 892, 892-893 [1999], *lv denied* 93 NY2d 1022 [1999]; *see generally People v Anderson*, 42 NY2d 35, 38 [1977]). Further, although defendant is correct that he was in custody at the time of his second statement to the police, the record establishes

that an intervening statement by his wife to the police had implicated them in the victim's disappearance, and thus the police had probable cause to detain him at the time he made the second statement (*see People v Foy*, 26 AD3d 344 [2006], *lv denied* 7 NY3d 756 [2006]).

Contrary to the contention of defendant in his pro se supplemental brief, Supreme Court (Stephen R. Sirkin, A.J.) did not abuse its discretion in denying his motion for a change of venue (*see generally People v DiPiazza*, 24 NY2d 342, 347 [1969]; *People v Higgins*, 188 AD2d 839, 841 [1992], *lv denied* 81 NY2d 972 [1993]). "[T]he record fails to establish that any of the selected jurors had formed an opinion with respect to defendant's guilt or innocence based on news reports of the events underlying the crimes" (*People v Hardy*, 38 AD3d 1169, 1170 [2007], *lv denied* 9 NY3d 865 [2007]). Defendant further contends in his pro se supplemental brief that he was denied effective assistance of counsel because, inter alia, defense counsel failed to call certain witnesses to testify. That contention involves matters outside the record and may not be raised on direct appeal (*see People v Haynes*, 39 AD3d 562, 564 [2007], *lv denied* 9 NY3d 845 [2007]; *People v Lawrence*, 23 AD3d 1039, 1040 [2005], *lv denied* 6 NY3d 835 [2006]). The record otherwise establishes that defendant received meaningful representation (*see Haynes*, 39 AD3d at 564; *Lawrence*, 23 AD3d at 1040; *see generally People v Baldi*, 54 NY2d 137, 147 [1981]). We have considered the remaining contentions of defendant in his main brief and pro se supplemental brief and conclude that they are without merit. Present—Scudder, P.J., Gorski, Centra, Lunn and Peradotto, JJ.