■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL COOLEY, Appellant. [851 NYS2d 771]—

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered July 25, 2005. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the third degree (Penal Law § 265.02 [5] [ii]), defendant contends that the handgun seized from a vehicle by the police should have been suppressed as the result of his illegal detention. We reject that contention. Even assuming, arguendo, that the detention of defendant prior to the observation and seizure of the handgun by the police was unlawful, we conclude that Supreme Court properly refused to suppress the handgun because defendant's detention was not causally related to the subsequent seizure of the handgun (see People v Arnau, 58 NY2d 27, 32-34 [1982]; People v Rogers, 52 NY2d 527, 532-533 [1981], rearg denied 54 NY2d 753 [1981], cert denied 454 US 898 [1981], reh denied 459 US 898 [1982]).

Defendant further contends that reversal is required based on the court's failure to comply with CPL 310.30 in responding to the jury's requests for further information. The record establishes, however, that defendant was made aware of the content of the jury's requests for further information before the court responded to those requests. Because defendant neither

requested the opportunity to suggest responses to those requests nor "lodge[d] any objection to the manner of proceeding or to the substance of the court's responses," we conclude that he failed to preserve for our review both his contention that the court failed to comply with CPL 310.30 and his further contention that he was deprived of the opportunity to suggest appropriate responses to the jury's requests (*People v Starling*, 85 NY2d 509, 514 [1995]; *see People v DeRosario*, 81 NY2d 801, 803 [1993]; *cf. People v Cook*, 85 NY2d 928, 930-931 [1995]). Defendant also failed to preserve for our review his contention that the prosecutor's stated reasons for striking a prospective juror in response to a *Batson* challenge were pretextual, inasmuch as he "failed to articulate to . . . Supreme Court any reason why he believed that the prosecutor's explanations were pretextual" (*People v Santiago*, 272 AD2d 418 [2000], *lv denied* 95 NY2d 907 [2000]; *see People v Smocum*, 99 NY2d 418, 423-424 [2003]; *People v Dandridge*, 26 AD3d 779, 779-780 [2006]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Finally, we reject defendant's challenges to the legality of the sentence (*see* Penal Law § 70.02 [1] [c]; [3] [c]), and to its severity. Present—Martoche, J.P., Centra, Lunn, Green and Gorski, JJ.