■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGG SPONBURGH, Appellant. [877 NYS2d 585]—Appeal from a judgment of the Herkimer County Court (Patrick L. Kirk, J.), rendered September 19, 2007. The judgment convicted defendant, upon a jury verdict, of assault in the second degree (two counts), vehicular assault in the second degree (four counts) and misdemeanor driving while intoxicated (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting

him of, inter alia, two counts of assault in the second degree (Penal Law § 120.05 [4]) and four counts of vehicular assault in the second degree (§ 120.03 [1]). Defendant failed to preserve for our review his contentions that certain counts of the indictment are duplicitous and that other counts are multiplicitous (*see* CPL 470.05 [2]; *People v D'Eredita*, 302 AD2d 925, 925-926 [2003], *lv denied* 99 NY2d 654 [2003]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant further contends that the evidence is legally insufficient to support the conviction of one count of assault and two counts of vehicular assault with respect to one of the victims because the People failed to establish that the victim in question sustained a serious physical injury. We reject that contention (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The record establishes that the victim in question sustained a "protracted impairment of health" as a result of the collision inasmuch as his shoulder injury limits his range of motion and causes constant pain (Penal Law § 10.00 [10]; *see People v Diaz*, 254 AD2d 36 [1998], *lv denied* 92 NY2d 1031 [1998]).

Defendant failed to preserve for our review his further contention that the People failed to establish that he acted recklessly and thus that the conviction of assault with respect to both victims is not supported by legally sufficient evidence inasmuch as he failed to make a motion for a trial order of dismissal that was specifically directed at that alleged error (*see People v Gray*, 86 NY2d 10, 19 [1995]; *People v Hryckewicz*, 221 AD2d 990 [1995], *lv denied* 88 NY2d 849 [1996]). Finally, the contention of defendant that he was denied effective assistance of counsel is raised for the first time in his reply brief and therefore is not properly before us (*see generally People v Williams*, 292 AD2d 843 [2002], *lv denied* 98 NY2d 703 [2002]). Present—Hurlbutt, J.P., Centra, Peradotto, Green and Gorski, JJ.