# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**743**

**KA 09-02091**

PRESENT: SMITH, J.P., CENTRA, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

TEMPLE J. BOGGS, ALSO KNOWN AS TEMPLE
MCCOLLOUGH-BOGGS, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered August 27, 2009. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03) and criminal possession of a weapon in the third degree (§ 265.02 [1]), defendant contends that the prosecutor's reason for excluding a prospective juror in response to his *Batson* challenge, i.e., that the juror did not seem to understand the point the prosecutor was trying to make or what the prosecutor was "getting at" with a question about irrelevant factual discrepancies in the evidence, was pretextual. According to defendant, the prospective juror was asked a more arduous question in comparison to other prospective jurors. Defendant failed to preserve his contention for our review inasmuch as he failed to articulate to County Court any reason why he believed that the prosecutor's explanation was pretextual (*see People v Cooley*, 48 AD3d 1091, 1092, *lv denied* 10 NY3d 861; *People v Dandridge*, 26 AD3d 779, 779-780, *lv denied* 9 NY3d 1032). In any event, we conclude that defendant's contention is without merit. The court properly determined that the prosecutor provided a race-neutral explanation for excluding the prospective juror (*see People v Tucker*, 22 AD3d 353, 353-354, *lv denied* 6 NY3d 760).

Entered: July 3, 2014                           Frances E. Cafarell
                                                Clerk of the Court