■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY SINGH, Appellant.—Judgment, Supreme Court, New York County (Renee White, J.), rendered February 14, 1992, convicting defendant, after jury trial, of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, and sentencing him as a predicate felony offender to concurrent terms of 20 years to life, 7½ to 15 years, and 3½ to 7 years, respectively, unanimously modified, on the law, to the extent of vacating the conviction for criminal possession of a weapon in the third degree and the sentence imposed thereon, and dismissing that count, and otherwise affirmed.

The People's principal witness had a long acquaintanceship with both the defendant and the victim. The witness observed defendant standing on the driver's side of the victim's car, shooting into the vehicle. As defendant fled, he passed the witness, and yelled at him to leave. Several months later, when the witness was arrested on drug charges, he volunteered this information to police and he selected defendant's picture from a photo array. Since there was no police arranged identification procedure, per se, the court was not required to conduct a *Wade* hearing *(People v Tas,* 51 NY2d 915, 916; *see, People v Rodriguez,* 79 NY2d 445, 449-450).

The court's *sua sponte* grant of a mistrial occurred before an entire panel was selected and sworn. As such, jeopardy did not attach (CPL 40.30 [1] [b]; *Matter of Brackley v Donnelly,* 53

AD2d 849, 850). Under the circumstances of this case, where the prosecutor's uncontroverted representations established that an essential witness was suffering serious health difficulties arising from her pregnancy, the court properly concluded that, absent a mistrial, the ends of justice would be defeated (CPL 280.10 [3]; *People v Michael,* 48 NY2d 1). Defendant's present challenges to the accuracy of the prosecutor's representation, and the scope of the court's inquiry, are unpreserved for review as a matter of law *(see, People v Torres,* 80 NY2d 944). Were we to review the contention in the interest of justice, we would find no basis to disturb the court's ruling.

Viewing the evidence in the light most favorable to the People and giving due deference to the jury's findings of credibility pursuant to *People v Bleakley* (69 NY2d 490, 494-495), defendant's guilt was established by legally sufficient evidence, and the verdict was not against the weight of that evidence.

However, the only distinction between the charges of criminal possession of a weapon in the third degree and criminal possession of a weapon in the second degree, for present purposes, is that criminal possession of a weapon in the second degree has as an additional element an "intent to use" the weapon (Penal Law § 265.03). Thus, the conviction for criminal possession of a weapon in the third degree must be vacated, as a lesser inclusory count of the conviction for criminal possession of a weapon in the second degree *(People v Epps,* 70 AD2d 624).

Defendant's challenge to the adequacy of his trial representation is without merit. In the absence of a proceeding brought pursuant to CPL 440.10, we conclude on the present record that defendant was afforded meaningful representation.

Most of defendant's remaining claims are unpreserved for review. All are meritless. Concur—Milonas, J. P., Rosenberger, Kupferman, Asch and Kassal, JJ.