[847 NE2d 1158, 814 NYS2d 584]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NAJIB BOSIER, Appellant.

Argued February 15, 2006; decided April 4, 2006

## POINTS OF COUNSEL

*Bahn, Herzfeld & Multer, LLP,* New York City (*Richard L. Herzfeld* of counsel), for appellant. I. By allowing the prosecution to selectively introduce the complainant's grand jury testimony and by denying the defense request to introduce the grand jury testimony which the prosecution elected not to introduce, the court deprived appellant of his due process right to a fair trial and his right to present a defense. (*People v Sime,* 254 AD2d 183; *People v Geraci,* 85 NY2d 359; *People v Cotto,* 92 NY2d 68; *People v Arroyo,* 54 NY2d 567; *People v Robinson,* 89 NY2d 648; *Cotto v Herbert,* 331 F3d 217.) II. The lineup identification of appellant by Winston was tainted by the police comments and appellant's distinctive appearance; the court erred in finding an independent basis where the description of the perpetrator was minimal and often inconsistent with appellant's appearance, Winston had never seen the perpetrator before and, initially, Winston could not even identify appellant as the perpetrator at the *Wade* hearing. (*People v Ortiz,* 90 NY2d 533; *People v Moore,* 143 AD2d 1056; *People v Carolina,* 184 AD2d 520; *People v Gaddy,* 115 AD2d 658; *People v Sapp,* 98 AD2d 784; *People v Harris,* 172 AD2d 560, 80 NY2d 796; *People v Elliot,* 283 AD2d 183.) III. The court's *Sandoval* ruling which permitted the prosecution to question appellant as to most of his prior convictions without any effort to balance the potential prejudice was an abuse of discretion as a matter of law. (*People v Briggs,* 166 AD2d 210; *People v Mitchell,* 209 AD2d 443.)

*Charles J. Hynes, District Attorney,* Brooklyn (*Jane S. Meyers, Leonard Joblove* and *Karol B. Mangum* of counsel), for respondent. I. Defendant has partially failed to preserve for appellate review his challenge to the trial court's ruling that, where the

grand jury testimony of the victim was admitted as evidence-in-chief because defendant's threats had caused the victim to be unavailable to testify, defendant could not enter into evidence, for impeachment purposes, either the victim's testimony at a separate grand jury proceeding or evidence about the victim's own criminal conduct. Moreover, the trial court's ruling was proper. (*People v Geraci,* 85 NY2d 359; *People v Angelo,* 88 NY2d 217; *People v Gonzalez,* 54 NY2d 729; *People v Qualls,* 55 NY2d 733; *People v Jackson,* 76 NY2d 908; *Pointer v Texas,* 380 US 400; *Davis v Alaska,* 415 US 308; *Lee v Illinois,* 476 US 530; *California v Green,* 399 US 149; *Perry v Leeke,* 488 US 272.) II. Defendant's claims that the hearing court erred in finding that defendant's lineup was not suggestive and that Winston had an independent basis for an in-court identification of defendant are beyond the scope of review of this Court and are entirely meritless. (*People v Robinson,* 88 NY2d 1001; *People v Jackson,* 76 NY2d 908; *People v Tutt,* 38 NY2d 1011; *People v Jackson,* 98 NY2d 555; *People v Evans,* 94 NY2d 499; *People v Owens,* 74 NY2d 677; *People v Malloy,* 55 NY2d 296; *People v Chipp,* 75 NY2d 327, 498 US 833; *Neil v Biggers,* 409 US 188; *Foster v California,* 394 US 440.) III. The trial court's *Sandoval* ruling is beyond the scope of this Court's review. The Appellate Division properly determined that the trial court's *Sandoval* ruling was not an abuse of discretion. (*People v Walker,* 83 NY2d 455; *People v Pollock,* 50 NY2d 547; *People v Hayes,* 97 NY2d 203; *People v Sandoval,* 34 NY2d 371; *People v Shields,* 46 NY2d 764; *People v Williams,* 56 NY2d 236; *People v Pavao,* 59 NY2d 282.)

## OPINION OF THE COURT

G.B. SMITH, J.

Defendant was convicted of assault in the second degree and criminal possession of a weapon in the second degree. He challenges those convictions primarily on the ground that Supreme Court's rulings after a *Sirois* hearing,* allowing the People to introduce selective portions of the complaining witness's grand jury testimony but denying defendant's request to introduce additional grand jury testimony of that witness, deprived defendant of his constitutional rights to a fair trial and to present a defense. Supreme Court committed no error in making these rulings, and we affirm the Appellate Division order upholding the conviction.

---

* *Matter of Holtzman v Hellenbrand,* 92 AD2d 405, 415 (2d Dept 1983); *People v Sirois,* 92 AD2d 618 (2d Dept 1983).

## I

On the evening of May 23, 2000, defendant, using a gun handed to him by his codefendant, shot complainant twice, wounding him. Two days after the shooting, defendant was arrested. Within a week of defendant's arrest, complainant testified before a Kings County grand jury that was considering charges against defendant. After complainant's testimony, defendant was indicted. On February 8, 2001, defendant's codefendant was arrested. Three weeks later, complainant testified before a grand jury that was considering charges against codefendant. After complainant's testimony, codefendant was separately indicted. The two indictments were consolidated for trial.

Prior to the joint trial, the People learned that complainant was not going to testify. The People moved for a *Sirois* hearing to determine whether defendant engaged in witness tampering by committing misconduct that caused complainant to fear for his safety and/or life if he testified at trial. At the hearing, the People presented evidence showing that defendant had conveyed numerous threats to complainant through complainant's family and friends. Defendant, in an effort to stop complainant from testifying, had attempted to enlist others to kill complainant, and defendant's brother and codefendant had conveyed a threat to complainant through complainant's grandmother. After considering this evidence and defendant's testimony, Supreme Court ruled that the People had established, by clear and convincing evidence, that defendant and codefendant had engaged in unlawful conduct that rendered complainant unavailable to testify at their joint trial.

After the hearing, Supreme Court granted the People's request to introduce, as evidence-in-chief, complainant's testimony before the second grand jury. Defendant argued that complainant's testimony from the second grand jury proceeding was inconsistent with the testimony he gave at the first proceeding. Therefore, defendant sought to introduce complainant's testimony from the first grand jury proceeding for the purpose of impeaching complainant's testimony from the second proceeding. The inconsistency cited in support of defendant's application was that in the first grand jury, complainant testified that he had seen defendant several times with codefendant, whereas in the second proceeding, complainant testified that he had never before seen defendant. Defendant further argued that, because the inconsistency in complainant's testimony might

amount to perjury, it would be unfair to allow the People to select the portions of complainant's grand jury testimony to introduce into evidence. Supreme Court denied the application.

Defendant was convicted of assault in the second degree and criminal possession of a weapon in the second degree. He was sentenced, as a persistent felony offender, to concurrent indeterminate terms of 20 years to life in prison. The Appellate Division affirmed, relying on *People v Geraci* (85 NY2d 359 [1995]). A Judge of this Court granted defendant leave to appeal and we now affirm.

## II

Defendant neither challenges Supreme Court's finding that he procured the complainant's unavailability as a trial witness through threats, nor disputes Supreme Court's ruling that complainant's testimony from the second grand jury was admissible under *Geraci*. Defendant does, however, argue that by allowing the People to selectively introduce complainant's testimony from the second grand jury while denying defendant's request to introduce complainant's testimony from the first grand jury, Supreme Court deprived him of his constitutional rights to a fair trial and to present a defense (*see* US Const Amends VI, XIV, § 1; *Pointer v Texas*, 380 US 400, 406 [1965]; NY Const, art I, § 6).

Defendant's constitutional claims, as well as the other claims regarding Supreme Court's denial of defendant's application to introduce impeachment evidence from the first grand jury, are without merit under the "forfeiture by misconduct" principles set forth in *People v Geraci* (85 NY2d 359 [1995]).

In *Geraci*, we recognized two exceptions to the rule that grand jury testimony is generally inadmissible as evidence-in-chief at trial. Specifically, we held that out-of-court hearsay statements, including grand jury testimony, of a witness unavailable to testify at trial may be admitted as direct evidence against a defendant who has procured the defendant's unavailability through his or her misconduct. We also held that such a defendant forfeits the constitutional right of confrontation regarding the substance of those statements, and the right to assert rules against the admission of hearsay statements (*see People v Geraci*, 85 NY2d at 366-367).

These exceptions both protect the integrity of the adversary process by deterring a criminal defendant from engaging in

conduct that prevents a witness from offering testimony at trial and ensure that a defendant who engages in the type of misconduct that renders a witness unavailable for trial does not benefit from his or her wrongful conduct. In other words, these exceptions are justified "by the public policy of reducing the incentive to tamper with witnesses" (*id.* at 368).

Of course, as we recognized in *People v Cotto* (92 NY2d 68 [1998]), even a defendant who has tampered with a witness is entitled to a fair trial. For that reason, we do not hold that such a defendant should never be able to introduce the unavailable witness's out-of-court statements for impeachment purposes. The trial judge has discretion to permit such impeachment where there is a possibility that, if it is not allowed, the jury will be misled into giving too much weight to the statement offered by the prosecution. But such impeachment need not always be allowed. Where impeachment is permitted, the defendant, in direct contravention of the most basic legal principles and the policy objectives of *Geraci*, may benefit from his or her own wrongful conduct because the prosecution will have no opportunity to rehabilitate the witness by clarifying any unclear or inconsistent testimony proffered by the defendant. Here, where the inconsistency defendant relied on did not go to the heart of the prosecution's case and might well have been credibly explained if the witness had been present, it was not an abuse of discretion to exclude the impeaching evidence.

## III

The cases that defendant relies on do not dictate a different result. *People v Arroyo* (54 NY2d 567 [1982]) and *People v Robinson* (89 NY2d 648 [1997]) involved the application of CPL 670.10 (1), which authorizes the admission of former testimony in certain circumstances not applicable here. In *People v Arroyo*, the preliminary hearing testimony of a missing victim was permitted as evidence at a trial. In *Robinson*, decided two years after *Geraci*, this Court, in the face of defendant's claim of a violation of due process, allowed the admission of grand jury testimony by defendant's estranged wife supporting his assertion that he had not sexually abused another woman. In this case, the People introduced the entirety of complainant's June 2000 grand jury testimony. Defendant seeks to impeach that testimony by use of statements made on a separate occasion before another grand jury.

Similarly, *People v Cotto* and *Cotto v Herbert* (331 F3d 217 [2d Cir 2003]) are inapposite. Here, complainant never testified at

trial. The witness in *Cotto* did. In *Cotto*, the People's sole witness, who had identified defendant as the assailant to police a few days prior to defendant's trial, took the stand at trial and testified that he did not know the identity of the assailant. After a mid-trial *Sirois* hearing, the trial court found that defendant had engaged in misconduct that led the witness to refuse to identify defendant on the stand. Defendant was not permitted to cross-examine the witness at all. The People were allowed to introduce the witness's former statement identifying defendant. Defendant sought to introduce conflicting prior statements in which the witness stated that he did not know the identity of the assailant. Defendant's application was denied and he was convicted. Defendant appealed to this Court.

In *People v Cotto*, we held that defendant's claim regarding the scope of permissible cross-examination of a witness who testifies at trial, but does not identify the defendant out of fear for his safety, was unpreserved for appellate review. We also upheld the lower court's ruling that defendant threatened the witness, and, thus, forfeited his constitutional right of confrontation and his right to object to the admission of hearsay evidence.

Defendant applied for a federal writ of habeas corpus. In *Cotto v Herbert*, the Second Circuit granted defendant's application, finding that because the witness was "literally available," the ruling completely precluding defendant's right to cross-examine the witness was improper. By contrast, where the witness is unavailable, a ruling completely precluding defendant's right of cross-examination is proper. In any event, the Second Circuit ruled that defendant should have been able to cross-examine the witness regarding bias and motive to lie.

Based on the foregoing, *Arroyo*, *Robinson* and the *Cotto* decisions are clearly distinguishable from and inapplicable to the case at bar. Moreover, *Cotto v Herbert* actually supports the rulings made by Supreme Court, not defendant.

## IV

Defendant's actions and the relief defendant sought do not comport with *Geraci*. Defendant has not cited any case or statutory law that would support his request to introduce any portion of complainant's grand jury testimony. Moreover, defendant has not met the foundational requirements for the introduction of former grand jury testimony at trial.

We have considered defendant's remaining contentions—that the court erred in ruling that a witness could make a courtroom

identification of the defendant and erred in ruling on defendant's *Sandoval* claim allowing the prosecutor to question defendant about prior bad acts—and conclude that they are without merit.

Accordingly, the order of the Appellate Division should be affirmed.

Chief Judge KAYE and Judges CIPARICK, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur.

Order affirmed.