■ The People of the State of New York, Respondent, v Sammy Chandler, Appellant. [815 NYS2d 567]—

Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), rendered June 3, 1999, convicting defendant, after a jury trial, of robbery in the first degree, attempted assault in the first degree and criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 9 to 18 years, and judgment, same court (Lawrence H. Bernstein, J.), rendered June 10, 1999, convicting defendant, upon his guilty plea, of robbery in the first degree, and sentencing him to a concurrent term of 3 to 6 years, unanimously affirmed.

The court properly exercised its discretion in declaring a mistrial, over defendant's objection, during jury selection. Defendant's double jeopardy argument is without merit because jeopardy had not yet attached (CPL 40.30 [1] [b]). Accordingly, instead of the standard of manifest necessity, the court properly employed the standard of whether the ends of public justice required a mistrial (see People v Albarez, 209 AD2d 186 [1994], lv denied 84 NY2d 1028 [1995]; People v Singh, 190 AD2d 640 [1993], lv denied 81 NY2d 1020 [1993]). The record supports the court's conclusion that there were serious scheduling and witness-availability problems, caused in part by defendant's renewed severance motion, that could not have been avoided without a mistrial.

The court properly exercised its discretion in denying defendant's severance motion. Defendant sought to sever the counts relating to one incident (the only counts upon which he stands convicted) from the counts relating to two earlier incidents. All these counts were properly joined under CPL 200.20 (2) (c), and defendant did not establish good cause for a

severance (*see* CPL 200.20 [3]). Defendant failed to make a convincing showing that he had important testimony to give concerning the last incident and a strong need to refrain from testifying as to the others (*see People v Lane*, 56 NY2d 1, 8-9 [1982]). Furthermore, defendant's claim that, at a joint trial, his revelations of drug trafficking would have led the jury to acquit him with respect to the third incident, while at the same time leading it to convict him of the other two crimes, neither of which he claimed to be drug related, was unpersuasive. To the extent that defendant is raising a constitutional claim, such claim is unpreserved and we decline to review it in the interest of justice. Were we to review such claim, we would find it to be without merit.

The People established by clear and convincing evidence that misconduct by defendant or by someone acting at his behest caused the unavailability for trial of one of the witnesses to the crimes of which defendant was convicted (*see People v Geraci*, 85 NY2d 359 [1995]). There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). Accordingly, defendant forfeited his right to confront this witness, and the court properly permitted the People to introduce his grand jury testimony.

Similarly, the court properly exercised its discretion in precluding collateral evidence regarding possible drug and robbery related crimes by that witness, especially insofar as the People could not counter the testimony about criminal activity of the witness because the witness was unavailable as a result of defendant's threats (*see People v Bosier*, 6 NY3d 523 [2006]). Moreover, the court read to the jury a stipulation as to this witness's prior felony conviction, including a detailed account of the underlying facts, and charged the jury that it could consider this information with regard to the witness's credibility. Accordingly, there was no impairment of defendant's right to present a defense (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]).

For the same reason, since the evidence established that misconduct by defendant or someone acting at his behest caused the witness to be unavailable, defendant has waived his claim that the court should have delivered an accomplice charge as to this witness. In any event, the court properly declined to deliver such a charge since his claim that this witness may have participated in the crime rests entirely on speculation (*see People v Tucker*, 72 NY2d 849 [1988]). Concur—Buckley, P.J., Tom, Friedman, Nardelli and McGuire, JJ.