THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL WASHINGTON, Appellant. [823 NYS2d 805]—

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered August 25, 2003. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the

second degree (§ 265.03 [2]). Supreme Court properly admitted into evidence the sworn statement of a witness who refused to testify at trial. The People established by clear and convincing evidence at the *Sirois* hearing (*see Matter of Holtzman v Hellenbrand*, 92 AD2d 405 [1983]) that misconduct by defendant or others acting at his behest caused that witness to be unavailable to testify at defendant's trial (*see People v Chandler*, 30 AD3d 161 [2006]; *see generally People v Geraci*, 85 NY2d 359 [1995]). The court properly exercised its discretion in precluding defendant from introducing reputation testimony and collateral evidence purportedly bearing on the credibility of that witness (*see generally People v Bosier*, 6 NY3d 523, 528 [2006]; *Chandler*, 30 AD3d at 162). The court also properly refused to permit defendant to introduce into evidence the hearsay testimony of a police detective regarding descriptions of the shooter provided by two witnesses who did not testify (*see generally People v Huertas*, 75 NY2d 487, 492 [1990]). Further, assuming that those descriptions constituted *Brady* material, we conclude that defendant had a meaningful opportunity to use that material and was thus not denied a fair trial by the timing of its delivery (*see People v Cortijo*, 70 NY2d 868, 870 [1987]; *People v Concepcion*, 262 AD2d 1058 [1999], *lv denied* 94 NY2d 821 [1999]). Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction (*see People v Gray*, 86 NY2d 10, 19 [1995]), and the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The court properly rejected defendant's *Batson* challenge to the prosecutor's use of a peremptory challenge with respect to an African-American prospective juror. " 'The court was in the best position to observe the demeanor of the prospective juror[ ] and the prosecutor,' and its determination that the prosecutor's explanation was race-neutral and not pretextual is entitled to great deference" (*People v Lawrence*, 23 AD3d 1039, 1039 [2005], *lv denied* 6 NY3d 835 [2006], quoting *People v Williams*, 13 AD3d 1214, 1215 [2004], *lv denied* 4 NY3d 857 [2005]). Finally, the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Scudder, Gorski and Green, JJ.