■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRISTAN McCALLAR, Appellant. [861 NYS2d 549]—

Appeal from a judgment of the Erie County Court (Timothy J.

Drury, J.), rendered November 16, 2006. The judgment convicted defendant, upon a jury verdict, of assault in the first degree, criminal possession of a weapon in the second degree and reckless endangerment in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of assault in the first degree (Penal Law § 120.10 [1]), criminal possession of a weapon in the second degree (§ 265.03 [former (2)]) and reckless endangerment in the first degree (§ 120.25), defendant contends that County Court erred in admitting in evidence the testimony of a witness from the prior trial of defendant's codefendants. We reject that contention. "The People established by clear and convincing evidence at the *Sirois* hearing . . . that misconduct by defendant or others acting at his behest caused that witness to be unavailable to testify at defendant's trial" (*People v Washington*, 34 AD3d 1193, 1194 [2006], *lv denied* 8 NY3d 928 [2007]; *see generally People v Geraci*, 85 NY2d 359, 365-367 [1995]). Contrary to the further contention of defendant, the court did not abuse its discretion in denying his request to use the statement of that witness to the police to impeach the witness's testimony from the prior trial. "[E]ven a defendant who has tampered with a witness is entitled to a fair trial" and thus may in some circumstances be permitted to introduce the unavailable witness's out-of-court statement for impeachment purposes (*People v Bosier*, 6 NY3d 523, 528 [2006]). The trial judge has discretion to permit such impeachment "where there is a possibility that, if it is not allowed, the jury will be misled into giving too much weight to the statement offered by the prosecution" (*id.*). Here, however, there was no possibility that the jury would be misled in the absence of impeachment. The inconsistency between the direct testimony of the witness and his statement to the police was addressed in the cross-examination of the witness at the prior trial, and the cross-examination of the witness was read to the jury at defendant's trial.

Defendant further contends that the prosecutor's summation and the court's charge impermissibly changed the theory of the prosecution. Although defendant failed to preserve that contention for our review, we nevertheless address it because "the 'right of an accused to be tried and convicted of only those crimes and upon only those theories charged in the indictment is fundamental and nonwaivable' " (*People v Burnett*, 306 AD2d 947, 948 [2003], quoting *People v Rubin*, 101 AD2d 71, 77 [1984], *lv denied* 63 NY2d 711 [1984]; *see People v Greaves*, 1 AD3d

979, 980 [2003]). We conclude, however, that defendant received the requisite " 'fair notice of the accusations against him' " (*People v Grega*, 72 NY2d 489, 495 [1988]). "[D]efendant was charged with accessorial liability for the [crimes] and was convicted . . . as . . . an accessory[,] . . . [and] the indictment properly provided fair notice that defendant was charged with accessorial liability in connection with the [crimes]" (*People v Moore*, 274 AD2d 959, 960 [2000], *lv denied* 95 NY2d 868 [2000]; *see also People v Medina*, 37 AD3d 240, 241 [2007], *lv denied* 9 NY3d 847 [2007]). Finally, we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Present—Smith, J.P., Centra, Fahey, Peradotto and Pine, JJ.