■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY DICKERSON, Appellant. [864 NYS2d 628]—

Appeal from a judgment of the Supreme Court, Monroe County (Stephen R. Sirkin, A.J.), rendered October 5, 1999. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the second degree (former § 265.03 [1]), defendant contends that Supreme Court erred in admitting in evidence the grand jury testimony of two witnesses who failed to appear at trial. We reject that contention. The People established by clear and convincing evidence at the *Sirois* hearing that misconduct by defendant or others acting at his behest caused those witnesses to be unavailable to testify at defendant's trial (*see People v Geraci*, 85 NY2d 359, 370 [1995]; *People v Chandler*, 30 AD3d 161, 162 [2006], *lv denied* 7 NY3d 786 [2006]). Further, the court did not abuse its discretion in precluding defendant from introducing evidence that, according to defendant, would bear on the credibility of one of those two witnesses (*see People v Bosier*, 6 NY3d 523, 528 [2006]; *Chandler*, 30 AD3d at 162). Contrary to defendant's contention, the court did not conduct a second, undeclared *Sirois* hearing with respect to the other unavailable witness. The People's representations to the court concerning the failure of that witness to appear at trial merely demonstrated what already was evident, i.e., that the witness had failed to appear to testify, and the prosecutor did not thereby become an unsworn witness (*cf. People v Moye*, 52 AD3d 1, 6 [2008]).

We reject defendant's further contention that the prosecutor's responses to two *Batson* challenges were pretextual. The court's implicit determination that the prosecutor's explanations were race-neutral is entitled to great deference (*see People v Dandridge*, 26 AD3d 779, 780 [2006]). Defendant further contends that he was denied a fair trial by prosecutorial

misconduct on summation. Defendant objected to only one comment on summation, however, and the court sustained that objection and issued a curative instruction that the jury is presumed to have followed (*see People v Rivera,* 281 AD2d 927, 928 [2001], *lv denied* 96 NY2d 906 [2001]; *see also People v Heide,* 84 NY2d 943, 944 [1994]). Defendant failed to preserve for our review his remaining challenges to alleged prosecutorial misconduct on summation, and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We conclude that defendant received meaningful representation (*see generally People v Baldi,* 54 NY2d 137, 147 [1981]). Contrary to defendant's further contentions, the evidence is legally sufficient to support the conviction and the verdict is not against the weight of the evidence (*see generally People v Bleakley,* 69 NY2d 490, 495 [1987]). The sentence is not unduly harsh or severe. We note, however, that the certificate of conviction incorrectly reflects that defendant was sentenced to an indeterminate term of 15 years to life for the criminal possession of a weapon count, and it must therefore be amended to reflect that defendant was sentenced to a determinate term of 15 years for that count (*see generally People v Saxton,* 32 AD3d 1286 [2006]).

We have reviewed defendant's remaining contentions and conclude that they are either unpreserved or lacking in merit. Present—Scudder, P.J., Hurlbutt, Martoche, Green and Gorski, JJ.