■ · THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BASEM ALTAM, Appellant. [53 NYS3d 832]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, New York County (Charles Solomon, J.), rendered July 28, 2015, said appeal having been argued by counsel for the respective parties, due deliberation having been had thereon, and finding the sentence not excessive, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—Friedman, J.P., Mazzarelli, Moskowitz, Gische and Gesmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD DESUSA, Appellant. [57 NYS3d 142]—

Judgment, Supreme Court, Bronx County (Barbara F. Newman, J. at mistrial declaration; Seth L. Marvin, J. at jury trial and sentencing), rendered December 16, 2013, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 years, unanimously affirmed.

The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. It does not avail defendant to rely on statements made at arraignment and hearing testimony that were not adduced at trial (see People v Dukes, 284 AD2d 236 [1st Dept 2001], lv denied 97 NY2d 681 [2001]).

The court properly exercised its discretion in declaring a mistrial sua sponte before the completion of jury selection, over both parties' objections, because of a scheduling problem that was unavoidable given the information available to the court at the time (see People v Chandler, 30 AD3d 161 [1st Dept 2006], lv denied 7 NY3d 786 [2006]).

Defendant's challenge to a jury charge to the effect that the People were not obligated to present certain kinds of evidence is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits (see People v Jiovani, 258 AD2d 277 [1st Dept 1999], lv denied 93 NY2d 900 [1999]). Concur—Friedman, J.P., Mazzarelli, Moskowitz, Gische and Gesmer, JJ.