People v Perez (2021 NY Slip Op 04109)





People v Perez


2021 NY Slip Op 04109


Decided on June 29, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 29, 2021

Before: Manzanet-Daniels, J.P., Kern, Mazzarelli, Shulman, JJ. 


Ind No. 2678/12 2678/12 Appeal No. 14137 Case No. 2014-01838 

[*1]The People of the State of New York, Respondent,
v
Gabriel Perez, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Megan D. Byrne of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Joshua P. Weiss of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Judith Lieb, J.), rendered March 19, 2014, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 25 years to life, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility and identification. Defendant was identified by two eyewitnesses who were familiar with him. While the accounts of the two witnesses varied as to details surrounding the shooting, their accounts were consistent as to critical matters. Furthermore, a surveillance videotape and other evidence generally tended to corroborate the eyewitnesses' accounts.
The court properly permitted the People to introduce the unavailable main witness's grand jury testimony and a report of his statement to the police, in lieu of trial testimony. At a Sirois hearing, the People proved by clear and convincing evidence that the witness was unwilling to testify as the result of threats made by defendant himself and by other persons acting at defendant's request or with his knowing acquiescence (see People v Smart, 23 NY3d 213, 220-222 [2014]; People v Geraci, 85 NY2d 359, 365-367 [1995]). Therefore, defendant forfeited his right of confrontation. Such a forfeiture may be sustained on the basis of circumstantial evidence (id. at 369). The record supports the hearing court's detailed findings, including its reasonable interpretations of recorded phone calls made by defendant while in custody (see People v Turner, 143 AD3d 566 [1st Dept 2016], lv denied 28 NY3d 1151 [2017]).
Defendant abandoned his claim that he was entitled to call an investigator to testify, for impeachment purposes, about an interview with the uncalled witness whose out-of-court statements were admitted as the result of the Sirois hearing (see People v Graves, 85 NY2d 1024, 1027 [1995]). When defense counsel sought to call the investigator, the court would not permit him to testify, but this was not a final ruling. Instead, the court declined to issue a ruling until the parties supplied relevant case law addressing the admissibility of such testimony. However, the issue was never revisited. We decline to review this claim in the interest of justice. As an alternative holding, we find that defendant has not established his entitlement to introduce the evidence under the circumstances presented (see People v Bosier, 6 NY3d 523, 528 [2006]).
Defendant likewise abandoned his challenge to the court's statement that if defendant gave certain testimony, this might open the door to cross-examination about an otherwise inadmissible prior arrest that had resulted in a dismissal on the merits. Defendant did not avail himself of the court's offer to revisit the issue in the event he chose to testify (Graves[*2], 85 NY2d at 1027). We decline to review this claim in the interest of justice. As an alternative holding, we find that while the People would not have had a reasonable basis in fact to cross-examine on the arrest at issue (see People v Crawford, 256 AD2d 141, 143 [1st Dept 1998]), any error was harmless. There is nothing in the record to suggest that the court's "warning" had any impact on defendant's decision to refrain from testifying.
We have considered and rejected defendant's ineffective assistance of counsel claim.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 29, 2021