THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEAN RUDY FRANTZ, Appellant. [868 NYS2d 757]—

Following a jury trial, the defendant was convicted of murder in the second degree (two counts), robbery in the first degree (*two counts*), robbery in the second degree, and criminal possession of a weapon in the second degree arising from a July 13, 1994, incident in which a livery car driver was robbed and killed. At trial, the People's main witness, the defendant's accomplice,

Kim Henderson, testified that he, the defendant, and Phil Johnson kidnapped and robbed the victim and that he saw the defendant and Johnson shoot the victim. In exchange for his testimony against the defendant, Henderson testified that he agreed to plead guilty to first-degree robbery in this case and be sentenced to 6 to 12 years. The defendant moved to vacate the judgment of conviction on the grounds that his counsel was ineffective for, among other things, failing to inform him of a pretrial offer and that the People failed to disclose certain pretrial statements made to the police by Henderson and Johnson which constituted *Brady* material (*see Brady v Maryland,* 373 US 83 [1963]). The Supreme Court denied the defendant's motion without conducting a hearing and setting forth any findings of fact or conclusions of law.

The People are obligated to disclose exculpatory evidence in their possession which is favorable to the defendant and material to the issues of guilt or innocence (*see Brady v Maryland,* 373 US 83 [1963]; *People v Scott,* 88 NY2d 888, 890 [1996]; *People v Steadman,* 82 NY2d 1, 7 [1993]). Moreover, the duty of disclosing exculpatory material extends to disclosure of evidence impeaching the credibility of a prosecution witness whose testimony may be determinative of guilt or innocence (*see Giglio v United States,* 405 US 150, 154-155 [1972]; *People v Baxley,* 84 NY2d 208, 213 [1994]). Here, the defendant argues that Henderson's alleged pretrial statements that he did not see the defendant or Johnson with a weapon, that the alley in which the victim was shot did not possess enough light for him to determine whether the defendant possessed a gun, and that he was able to see what appeared to be Johnson aiming and shooting the victim, were undisclosed *Brady* material. It is unclear whether the defendant's trial counsel, although aware that Henderson was interviewed on several occasions, knew of these specific statements made by Henderson. These statements contradict Henderson's trial testimony that he saw the defendant handling a gun and that he saw both the defendant and Johnson shoot the victim. Significantly, Henderson's credibility was critical as he was the People's only witness to testify that the defendant possessed a weapon and actually shot the victim. The other evidence connecting the defendant to the charged crimes were the results of forensic testing which revealed that fingerprints taken from the victim's car matched those of the defendant. Under these circumstances, a hearing is warranted as there are questions of fact as to whether Henderson's statements were disclosed to the defendant's trial counsel and whether, in the context of the entire trial, "there is a reasonable possibility that, had that material been disclosed, the result would have

been different" (*People v Bond,* 95 NY2d 840, 843 [2000] [internal quotation marks omitted]; *see People v Vilardi,* 76 NY2d 67, 77 [1990]; *People v Lantigua,* 228 AD2d 213, 220 [1996]).

Additionally, the Supreme Court should also set forth the required findings of fact, conclusions of law, and reasons for its determination on the issue of ineffective assistance of counsel (*see* CPL 440.30 [7]; *People v Williams,* 184 AD2d 608 [1992]; *People v Brown,* 66 AD2d 785, 786 [1978]).

The defendant's contentions regarding statements attributed to Phil Johnson are without merit (*see People v LaValle,* 3 NY3d 88, 110 [2004]; *People v Doshi,* 93 NY2d 499, 506-507 [1999]; *People v Bryant,* 247 AD2d 400 [1998]). Rivera, J.P., Dillon, Covello and McCarthy, JJ., concur.