■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODOLFO TAYLOR, Appellant. [984 NYS2d 414]—

Appeal by the defendant, by permission, from an order of the County Court, Suffolk County (Braslow, J.), dated November 9, 2011, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate two judgments of the same court (Weissman, J.), rendered September 3, 1985, and October 31, 1985, as amended November 1, 1985, respectively, convicting him of robbery in the first degree (three counts), upon jury verdicts, and imposing sentences.

Ordered that the order is reversed, on the law, and the matters are remitted to the County Court, Suffolk County, for a hearing in accordance herewith and a new determination of the defendant's motion thereafter.

At lineups conducted by the police on July 3, 1984, the defendant was identified by four witnesses as the perpetrator of three gas station robberies in Suffolk County. Each of these witnesses testified against the defendant at trial. On the strength of that identification evidence, in 1985, the defendant was convicted of two counts of robbery in the first degree after a jury trial, and was convicted of another count of robbery in the first degree after a separate jury trial. The judgments of conviction were affirmed by this Court, and the Court of Appeals denied the defendant's application for leave to appeal (*see People v Taylor*, 133 AD2d 866 [1987]).

In 2004, the defendant made a request pursuant to the Freedom of Information Law (Public Officers Law art 6 [hereinafter FOIL]), seeking any materials from, inter alia, the Suffolk County Police Department which were relevant to the robbery charges against him. Some of the documents provided pursuant to that request were redacted. Thereafter, the defendant com-

menced a proceeding pursuant to CPLR article 78 to obtain the unredacted documents. In an order dated September 3, 2008, the Supreme Court, Suffolk County, determined that the defendant was entitled to the unredacted documents.

In December 2009, the defendant moved, pro se, pursuant to CPL 440.10, to vacate the judgments of conviction, arguing that two supplementary reports from the Suffolk County Police Department and four sworn witness statements provided to him pursuant to his FOIL request had not been disclosed to the defense at his criminal trials, that these documents constituted *Brady* material (*see Brady v Maryland*, 373 US 83 [1963]) and *Rosario* material (*see People v Rosario*, 9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]), and that there was a reasonable possibility that the People's failure to disclose the material contributed to the verdicts against him. In addition to his own sworn allegation that the documents at issue were not disclosed to the defense, the defendant supported the motion with the People's response to his omnibus motion in the criminal actions against him, wherein the People stated that they were unaware of any *Brady* material.

In opposition to the CPL 440.10 motion, the People conceded that one of the supplementary police reports and the four witness statements were *Rosario* material and that one of the witness statements was also *Brady* material. The People contended that of the six documents relied upon by the defendant, only one was in the People's file for the case against the defendant, and that although that file appeared to be the entire file, it could not be stated with certainty that it was complete. The People argued that the record of the defendant's trials was not clear as to what documents were disclosed to the defendant. However, assuming that the subject documents had not been disclosed, the People claimed that there was no reasonable possibility that any of the documents would have affected the outcome of the trials, had they been disclosed.

The County Court denied the CPL 440.10 motion without a hearing, relying on the defendant's protracted delay in making the allegations of *Brady* and *Rosario* violations, and concluding that it would be "nearly impossible" to determine whether the subject documents were disclosed to the defense at the two jury trials.

As the defendant correctly contends, the supplementary police report of Detective Christie dated February 22, 1984, which was the only one of the six documents at issue that was found in the People's file for the case, was *Rosario* material, as it contained statements from a witness which related to the

subject matter of that witness's trial testimony (*see People v Consolazio*, 40 NY2d 446, 453-454 [1976]; *People v Rosario*, 9 NY2d at 289; *see also* CPL 240.45 [1] [a]). Further, and as correctly conceded by the People, the other supplementary police report and the four witness statements were all *Rosario* material, and the statement of witness Daniel Farrell dated June 12, 1984, was also *Brady* material.

The defendant's motion to vacate the judgments of conviction was supported by his own sworn allegation that the subject *Rosario* material and *Brady* material was not provided to the defense at his criminal trials (*see* CPL 440.30 [1] [a]). The People's response to his omnibus motion, which stated that the People were unaware of any *Brady* material, lends support to the defendant's contention that the statement of Daniel Farrell dated June 12, 1984, was not provided to the defense.

Moreover, a review of the transcript of the defendant's jury trials also supports the defendant's contention that the *Rosario* material and *Brady* material were not disclosed to the defense. In this regard, one of the witnesses in question, when asked during cross-examination to confirm that he only gave one sworn statement to the police, responded that he recalled giving two statements, prompting defense counsel to request *Rosario* material. In response to defense counsel's request, the prosecutor responded that there were no other statements. Furthermore, although the *Rosario* material and *Brady* material are all relevant to the issue of the identification of the defendant as the perpetrator of the robberies, the information contained in that material was not mentioned at the defendant's jury trials, or used by defense counsel to impeach the People's witnesses (*see People v Cardona*, 138 AD2d 617, 618-619 [1988]).

As such, the defendant's moving papers allege a ground constituting legal basis for the motion, i.e., that "[i]mproper and prejudicial conduct not appearing in the record occurred during a trial resulting in the judgment which conduct, if it had appeared in the record, would have required a reversal of the judgment upon an appeal therefrom" (CPL 440.10 [1] [f]). The County Court erred in denying the motion on the ground that the defendant unduly delayed making the allegations of *Brady* and *Rosario* violations, as "[t]here is no time limit on the filing of CPL 440.10 motions" (*People v Jackson*, 78 NY2d 638, 646 [1991]). Further, the moving papers were sufficient to establish entitlement to a hearing (*see* CPL 440.30 [4], [5]).

Accordingly, a hearing is necessary to determine whether the *Rosario* material and *Brady* material were disclosed to the defense, and if it is determined that they were not, whether

there was a reasonable possibility that the nondisclosure contributed to the verdicts against the defendant, including whether the *Rosario* and *Brady* violations had an impact on the defendant's ability to defend other counts to which they did not directly apply, or otherwise influenced the verdicts on those counts (*see People v Daly*, 14 NY3d 848, 849-850 [2010]). Balkin, J.P., Dickerson, Leventhal and Roman, JJ., concur.