■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED BALCERAK, Appellant. [40 NYS3d 554]—

Appeal by the defendant, by permission, from an order of the Supreme Court, Nassau County (Delligatti, J.), dated October 6, 2015, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered June 6, 2014, convicting him of attempted sexual abuse in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the order is reversed, on the law, and the matter is remitted to the Supreme Court, Nassau County, for a hearing and a new determination thereafter of the defendant's motion.

The defendant, who had previously been convicted of a sex offense, was charged in an indictment with sexual abuse in the first degree and forcible touching. After spending more than eight months in jail awaiting trial, the defendant pleaded guilty to attempted sexual abuse in the first degree in full satisfaction of the indictment in exchange for a sentence of 1½ years of imprisonment and three years of postrelease supervision. Shortly before the defendant's term of imprisonment was set to expire, the Attorney General commenced a proceeding against the defendant pursuant to the Sex Offender Management and

Treatment Act (Mental Hygiene Law art 10; hereinafter SOMTA), seeking to civilly confine the defendant.

The defendant then moved pursuant to CPL 440.10 to vacate his judgment of conviction, contending that his plea was unknowing and involuntary, and that he received ineffective assistance of counsel because he was not informed of the SOMTA consequences of his plea prior to the entry of his plea. The Supreme Court summarily denied the motion without a hearing (see CPL 440.30 [4], [5]). This was error. The evidence submitted by the defendant was sufficient to raise a question of fact as to whether he was unaware of SOMTA prior to pleading guilty and as to whether he would have rejected the plea agreement if he had been aware of SOMTA (see People v Harnett, 16 NY3d 200, 207 [2011]; People v Taylor, 116 AD3d 1074, 1076 [2014]; People v Alomar, 89 AD3d 1098, 1099 [2011]). Accordingly, the order must be reversed and the matter remitted to the Supreme Court, Nassau County, for a hearing and a new determination thereafter of the defendant's motion. Balkin, J.P., Hall, Cohen and LaSalle, JJ., concur.