People v Balcerak (2018 NY Slip Op 03138)





People v Balcerak


2018 NY Slip Op 03138


Decided on May 2, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2017-05908
 (Ind. No. 1030/13)

[*1]The People of the State of New York, appellant, 
v
Alfred Balcerak, respondent.


Madeline Singas, District Attorney, Mineola, NY (Yael V. Levy and Rebecca L. Abensur of counsel), for appellant.
N. Scott Banks, Hempstead, NY (Tammy Feman and Argun M. Ulgen of counsel), for respondent.



DECISION & ORDER
Appeal by the People from an order of the Supreme Court, Nassau County (Angelo A. Delligatti, J.), entered May 3, 2017, which, after a hearing, granted the defendant's motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered June 6, 2014, convicting him of attempted sexual abuse in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the order is affirmed.
The defendant pleaded guilty to attempted sexual abuse in the first degree. He was sentenced to 1½ years of imprisonment and 3 years of postrelease supervision. Shortly before the defendant's release date, the New York State Attorney General filed a sex offender civil management petition against him under Mental Hygiene Law article 10, also known as the Sex Offender Management and Treatment Act (hereinafter SOMTA; see Mental Hygiene Law § 10.06[a]). The defendant then moved pursuant to CPL 440.10 to vacate his judgment of conviction on the ground that his plea was not knowing, voluntary, and intelligent, and that his counsel was not effective because the defendant was not warned of the possible SOMTA consequences of his plea. The Supreme Court denied the motion without a hearing. This Court reversed and remitted the matter for a hearing and a new determination thereafter of the defendant's motion (see People v Balcerak, 144 AD3d 833). After conducting a hearing, the Supreme Court granted the defendant's motion to vacate his judgment of conviction. The People appeal.
In People v Harnett (16 NY3d 200), the Court of Appeals held that "failing to warn a defendant who pleads guilty to a sex offense that he may be subject to . . . (SOMTA) does not automatically invalidate the guilty plea" (People v Harnett, 16 NY3d at 203). The Court of Appeals determined that the "possibility of supervision or confinement under SOMTA is clearly" a "collateral" consequence of a plea (id. at 205). However, "since SOMTA consequences can include extended confinement, a plea made in ignorance of such consequences may sometimes be proved involuntary—if a defendant can show that the prospect of SOMTA confinement was realistic enough that it reasonably could have caused him, and in fact would have caused him, to reject an otherwise acceptable plea bargain" (id. at 207). In Harnett, the Court of Appeals determined that on the record before it, it could not determine "whether [the defendant's] lawyer told him about SOMTA or [*2]whether, considering the facts of defendant's situation, SOMTA would have been a significant factor in the evaluation of a plea bargain" (id. at 207-208).
Here, the defendant, through evidence presented at the hearing, including his testimony, made the factual showing necessary to demonstrate that his plea of guilty was not knowing and voluntary. When the defendant pleaded guilty, he had already been adjudicated a level three predicate sex offender pursuant to the Sex Offender Registration Act (see Correction Law art 6-C) based on a prior conviction. In addition, unlike the defendant in Harnett, the defendant here was made the subject of a SOMTA proceeding. The defendant testified at the hearing that he would not have taken the plea bargain had he known of SOMTA. Under the circumstances of this case,
the defendant showed that "the prospect of SOMTA confinement was realistic enough that it reasonably could have caused him, and in fact would have caused him, to reject an otherwise acceptable plea bargain" (People v Harnett, 16 NY3d at 207). Furthermore, the People do not dispute the Supreme Court's finding that the defendant was not informed of SOMTA prior to the entry of his plea. Accordingly, the defendant's motion to vacate his judgment of conviction was properly granted.
MASTRO, J.P., LEVENTHAL, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court