People v Mosqueda (2018 NY Slip Op 03709)





People v Mosqueda


2018 NY Slip Op 03709


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2015-04417
 (Ind. No. 14-00988)

[*1]The People of the State of New York, respondent,
v
Omar Mosqueda, appellant.


Marshall L. Goldstein, White Plains, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Raffaelina Gianfrancesco and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Barry E. Warhit, J.), rendered April 30, 2015, convicting him of course of sexual conduct against a child in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that his plea of guilty was not valid because the County Court did not advise him of the possibility that he would be subjected, under the Sex Offender Management and Treatment Act (Mental Hygiene Law art 10; hereinafter SOMTA), to indefinite confinement after the expiration of his prison term. This contention is unpreserved for appellate review since the defendant failed to move to withdraw his plea of guilty (see People v Madden, 112 AD3d 740, 741), and we decline to review it in the exercise of our interest of justice jurisdiction. To the extent that the defendant contends that he was unaware of the possibility of indefinite confinement under SOMTA and that he would not have pleaded guilty had he known (see People v Harnett, 16 NY3d 200, 208), his remedy, since he failed to move to withdraw his plea of guilty,
is to move to vacate the judgment pursuant to CPL 440.10 (see People v Balcerak, 144 AD3d 833, 834).
BALKIN, J.P., CHAMBERS, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court