People v Rodriguez (2020 NY Slip Op 05234)





People v Rodriguez


2020 NY Slip Op 05234


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
JOHN M. LEVENTHAL
ROBERT J. MILLER, JJ.


2019-06285
 (Ind. No. 4116/94)

[*1]The People of the State of New York, appellant,
v
Wildon Rodriguez, respondent.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Matthew S. Stewart, and Ann Bordley of counsel), for appellant.
Law Offices of Robert C. Reuland, P.C., Brooklyn, NY, for respondent.



DECISION & ORDER
Appeal by the People from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), dated April 22, 2019, which granted, without a hearing, the defendant's motion pursuant to CPL 440.10 to vacate a judgment of the same court (Plummer E. Lott, J.) rendered November 5, 1999, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the order is affirmed.
In 1999, following a jury trial, the defendant was convicted of murder in the second degree arising from a 1993 shooting. At trial, the People's sole eyewitness, Althemease Cort, testified that she saw the defendant shoot the victim. In 2015, the defendant moved to vacate the judgment of conviction on the ground that the People had failed to disclose the relationship between Cort and law enforcement agencies, including the Office of the Kings County District Attorney, which constituted Brady material (see Brady v Maryland, 373 US 83). The Supreme Court granted the defendant's motion without conducting a hearing. The People appeal, and we affirm.
The People are obligated to disclose exculpatory evidence in their possession which is favorable to the defendant and material to the issues of guilt or innocence (see id.; People v Steadman, 82 NY2d 1, 7). Moreover, the duty of disclosing exculpatory material extends to disclosure of evidence impeaching the credibility of a prosecution witness whose testimony may be determinative of guilt or innocence (see Giglio v United States, 405 US 150, 154-155; People v Baxley, 84 NY2d 208, 213).
Here, the defendant was not provided with material regarding Cort's participation as a witness in two unrelated homicide trials, along with prior agreements between Cort and law enforcement, including her use as a confidential informant by police and her placement in a witness relocation program following her participation in one of the unrelated homicide trials, during which her rent was paid by the Office of the Kings County District Attorney for approximately one year. This material contradicted Cort's trial testimony that she did not have any "deals" with law enforcement and had not been in touch with the District Attorney's Office "for a long period of time," as well as the prosecutor's arguments during summation that Cort "never took a deal" and "never asked for anything in return." Significantly, Cort's credibility was critical as she was the People's only witness to testify that it was the defendant who shot the victim, and there was no other [*2]trial evidence directly linking the defendant to the crime (see People v Johnson, 107 AD3d 1161, 1165; People v Frantz, 57 AD3d 692, 692-694). Under these circumstances, in the context of the entire trial, Cort's involvement with law enforcement "was both favorable and material to the defense, and the People's failure to disclose this information to the defense violated defendant's constitutional right to due process" (People v Wright, 86 NY2d 591, 598). In addition, the errors were compounded by the prosecution's repetition and emphasis on the misinformation during summation (see People v Colon, 13 NY3d 343, 349). Thus, the Supreme Court did not improvidently exercise its discretion in granting the defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction without a hearing (see People v Jones, 24 NY3d 623, 635; see also CPL 440.30[3]).
MASTRO, J.P., AUSTIN, LEVENTHAL and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court