People v Harries (2024 NY Slip Op 01843)

People v Harries

2024 NY Slip Op 01843

Decided on April 4, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 4, 2024

113487 CR-22-2360
[*1]The People of the State of New York, Respondent,
v
Matthew Harries, Also Known as Matteo, Appellant.

Calendar Date:February 13, 2024

Before:Garry, P.J., Aarons, Reynolds Fitzgerald, Fisher and Powers, JJ.

Cliff Gordon, Monticello, for appellant.
Emmanuel C. Nneji, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.

Fisher, J.
Appeals (1) from a judgment of the County Court of Ulster County (Bryan E. Rounds, J.), rendered March 9, 2022, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree, and (2) by permission, from an order of said court (James R. Farrell, J.), entered January 20, 2023, which denied defendant's motion to vacate the judgment of conviction pursuant to CPL 440.10, without a hearing.
In October 2020, defendant and his codefendant, Jahsi Quiles, were walking down a street in the City of Kingston, Ulster County, when they encountered an individual (hereinafter the victim) with whom Quiles apparently had prior dealings. Quiles shot the victim and, when the gun jammed, Quiles tossed the gun to defendant before taking out another gun and again shooting the victim. Quiles and defendant fled the scene on foot, and defendant disposed of the jammed weapon at Quiles' property. As a result of this incident, defendant and Quiles were charged in a superseding indictment, as acting in concert, with attempted murder in the second degree, assault in the first degree, two counts of criminal possession of a weapon in the second degree and tampering with physical evidence.[FN1] When defendant was arraigned upon the superseding indictment in May 2021, defense counsel advised County Court (Rounds, J.) that he had learned from a wanted poster disseminated by the local police department that a felony arrest warrant charging the victim with criminal possession of a weapon in the second degree had been issued and was aware of a prior incident in which the victim had threatened Quiles with a gun.
Thereafter, defendant agreed to plead guilty to one count of criminal possession of a weapon in the second degree — in full satisfaction of the superseding indictment — with the understanding that he would be sentenced to a prison term of four years followed by 2½ years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the plea agreement, and County Court sentenced defendant to a prison term of 3½ years followed by 2½ years of postrelease supervision.[FN2] Following sentencing, the matter was reassigned to a different assistant district attorney who, upon her review, determined that certain discovery had not been provided to and/or accessed by defendant's counsel prior to such plea. Defendant then moved to vacate his judgment of conviction pursuant to CPL 440.10 on the ground that his guilty plea was procured by misrepresentation on the part of the prosecutor and a Brady violation related to certain exculpatory and impeachment evidence involving the victim and Quiles' prior dealings. County Court (Farrell, J.) denied defendant's motion without a hearing. Defendant appeals from the judgment of conviction and, by permission, from the order denying his request for postconviction relief.
Initially, we agree with County Court that defendant's claim [*2]of a Brady violation necessarily relies upon information outside of the plea and sentencing proceedings and, therefore, is properly reviewable in the context of defendant's postconviction motion (see People v Miles, 205 AD3d 1222, 1224 [3d Dept 2022], lv denied 38 NY3d 1189 [2022]). Accordingly, the validity of defendant's waiver of the right to appeal — raised in the context of his direct appeal from the judgment of conviction — need not detain us.
As it relates to defendant's motion pursuant to CPL 440.10, "to demonstrate the existence of questions of fact requiring a hearing, a defendant is obliged to show that the nonrecord facts sought to be established are material and would entitle him or her to relief" (People v Beverly, 196 AD3d 864, 865 [3d Dept 2021] [internal quotation marks, brackets and citations omitted], lv denied 37 NY3d 1058 [2021]). As relevant here, "[a] defendant seeking to establish a Brady violation must demonstrate that (1) the evidence is favorable to the defendant because it is either exculpatory or impeaching in nature; (2) the evidence was suppressed by the prosecution; and (3) prejudice arose because the suppressed evidence was material" (People v Stokes, 211 AD3d 1243, 1245 [3d Dept 2022], lv denied 39 NY3d 1143 [2023] [internal quotation marks and citations omitted]). Where, as here, a defendant alleges that the People failed to comply with the statutory requirements, "the court must consider the impact of any violation on the defendant's decision to accept or reject a plea offer" (CPL 245.25 [2]; accord People v Hewitt, 201 AD3d 1041, 1043 [3d Dept 2022], lv denied 38 NY3d 928 [2022]; People v Pizarro, 185 AD3d 1092, 1094 [3d Dept 2020]).
Here, defendant contends that the People misrepresented certain details about the victim and his access to firearms at the time of the incident, his prior dealings with Quiles and the lack of any involvement with defendant prior to the incident — despite charging defendant as having acted in concert with Quiles. According to defendant, such details were partially derived from Brady materials that the People failed to provide to defense counsel prior to the plea and sentencing. Based on these misrepresentations and the alleged Brady violations, defendant's counsel contends that he would not have advised defendant to accept the plea agreement because he would have instead moved to dismiss the superseding indictment. Although the People contend, and County Court found, that such evidence had no impact on the charge of criminal possession of a weapon in the second degree that defendant pleaded guilty to as part of his plea agreement, this ignores the fact that the evidence may have had an impact on the other charges that may have had an effect on what defendant was allowed to plead to — specifically, the attempted murder in the second degree and assault in the first degree counts (see People v Taylor, 116 AD3d 1074, 1076-1077 [2d Dept 2014]). Indeed, these charges meant that because [*3]defendant was indicted with a class B armed felony offense, his plea of guilty was required to be at least to a class C violent felony offense (see CPL 220.10 [5] [d] [i]). The lowest charge that satisfied this requirement was criminal possession of a weapon in the second degree, meaning that, based on the evidence before defendant at the time of his plea and sentencing, this was the most favorable charge that he could obtain — a point acknowledged at sentencing. Assuming, without deciding, that such evidence constituted Brady materials that were not disclosed, and further recognizing that the gravamen of the People's main argument suggests that this evidence does impact the other charges against defendant, the record is unclear what impact the disclosure of this evidence may have had on defendant's decision to accept or reject the plea offer — particularly in the context of CPL 220.10 (5) (d) (i) and a potential motion to dismiss certain charges (see CPL 245.25 [2]; see also CPL 440.10 [1] [b], [h]; People v Bond, 95 NY2d 840, 843 [2000]; People v Frantz, 57 AD3d 692, 693-694 [2d Dept 2008]). Therefore, under the unique circumstances of this case and the way that the People pursued these charges against Quiles and defendant as acting in concert, it was an error for County Court to decide the motion without an evidentiary hearing (see People v Rahman, 231 AD2d 745, 746 [2d Dept 1996]; see also People v Taylor, 116 AD3d at 1076-1077; compare People v Miles, 205 AD3d at 1224).
Garry, P.J., Aarons, Reynolds Fitzgerald and Powers, JJ., concur.
ORDERED that the judgment is affirmed.
ORDERED that the order is reversed, on the law, and matter remitted to the County Court of Ulster County for a hearing on defendant's CPL article 440 motion.

Footnotes

Footnote 1: The first indictment was dismissed, and the circumstances surrounding same were not made part of the record.

Footnote 2: County Court granted defendant's subsequent request for a stay pending appeal.